UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STONE-TEC, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 3:16-cv-00995 |
| THE TRAVELERS LLOYDS | § | |
| INSURANCE COMPANY, STEPHEN | § | |
| WAYNE ANGELONE, AND JASON | § | |
| SPRADLIN, | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT THE TRAVELERS LLOYDS INSURANCE COMPANY'S
NOTICE OF REMOVAL**

Defendant The Travelers Lloyds Insurance Company ("Travelers") files this Notice of

Removal under 28 U.S.C. §§ 1332, 1441, and 1446 and states:

**I.
INTRODUCTION**

1. Plaintiff Stone-Tec, Inc. ("Plaintiff") commenced this lawsuit on February 24,

2016 by filing Plaintiff's Original Petition ("Petition") in the 14th Judicial District Court of

Dallas County, Texas.

2. Plaintiff's Petition, which includes a jury demand, names Travelers, Stephen

Wayne Angelone ("Angelone"), and Jason Spradlin ("Spradlin") as Defendants.

3. Travelers was served with Plaintiff's Petition on March 11, 2016. Angelone was

served with Plaintiff's Petition on March 7, 2016, and Spradlin was served with Plaintiff's

Petition on March 4, 2016.

4. Travelers files this Notice within the 30-day time period required by 28 U.S.C. §

1446(b).

5.      Angelone and Spradlin need not consent to removal as Travelers contends these individuals were improperly joined.[1]

## II.
## BASIS FOR REMOVAL

6.      Venue is proper in this District under 28 U.S.C. § 1441(a) because the state court where the action is pending is located in this District.

7.      Removal is proper under 28 U.S.C. § 1332(a) if there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest, costs and attorneys' fees. These two conditions are satisfied in this matter.

**A.      Removal is Proper Because Complete Diversity of Citizenship Exists Between Plaintiff and Travelers.**

8.      Plaintiff is a Texas corporation with its principal place of business in Garland, Texas.  Accordingly, Plaintiff is a citizen of the state of Texas for purposes of diversity of citizenship.

9.      A Lloyds plan is an unincorporated association. And, for diversity purposes, the citizenship of an unincorporated association is determined by the citizenship of each member of the association.[2]  The members of a Lloyds plan are the underwriters alone.[3]

10.      The Lloyds plan named as Defendant in this action – The Travelers Lloyds Insurance Company – is an unincorporated association of twelve underwriters. The domiciliary

---

[1]   *Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007).

[2]   *Id.*

[3]   *Royal Ins. Co. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882 (5th Cir. 1993); *Massey v. State Farm Lloyds Ins. Co.,* 993 F. Supp. 568, 570 (S.D. Texas. 1998) ("In this case, therefore, the citizenship of State Farm Lloyds must be determined solely by the citizenship of its members, or underwriters.").

state for all twelve underwriters is Connecticut. Travelers is thus a citizen of Connecticut for diversity jurisdiction purposes.[4]

11.     Stephen Wayne Angelone is a resident of the state of Texas and has been improperly joined to defeat this Court's diversity jurisdiction. There is no possibility that Plaintiff will be able to establish a cause of action against Angelone in this lawsuit.

12.     Jason Spradlin is a resident of the state of Texas and has been improperly joined to defeat this Court's diversity jurisdiction. There is no possibility that Plaintiff will be able to establish a cause of action against Spradlin in this lawsuit.

13.     Because Angelone and Spradlin were improperly joined as Defendants in this action, their citizenship should be disregarded for jurisdictional purposes, and complete diversity of citizenship exists between Plaintiff and Travelers (now and on the date Plaintiff filed this lawsuit).

### (1)     *Plaintiff Improperly Joined Angelone and Spradlin as Defendants to Defeat This Court's Diversity Jurisdiction.*

14.     Improper joinder exists when there is actual fraud in the pleading of jurisdictional facts or the plaintiff is unable to establish a cause of action against the non-diverse defendant(s).[5] This second condition is met when there is no reasonable basis for predicting that the plaintiff might recover against the improperly-joined in-state defendant(s).[6]

15.     In this action, Plaintiff has asserted claims against two in-state insurance

---

[4]   *Rappaport v. State Farm Lloyd's,* 1998 WL 249211 (N.D. Tex. 1998) ("Because the Court finds that State Farm Lloyd's is an unincorporated association whose members are completely diverse with Plaintiff, Plaintiff's Motion to Remand is DENIED."); *Massey v. State Farm Lloyds*, 993 F. Supp. 568, 570 (S.D. Tex. 1998) ("Because no member of State Farm Lloyds is a Texas resident, complete diversity exists between the parties to this action, and this Court has federal diversity jurisdiction under 28 U.S.C. § 1332.").

[5]   *See One Way Investments v. Century Ins. Co.*, Civil Action No. 3:14-CV-2839-D, 2014 WL 6991277 at *2 (N.D. Tex. Dec. 11, 2014) (Fitzwater, J.).

[6]   *See id.*

---

adjusters – Angelone and Spradlin.  However, as the courts within this District have recognized, removal is proper when a plaintiff's state court petition fails to allege facts that would plausibly lead to the conclusion that plaintiff suffered any damage by reason of a non-diverse adjuster's conduct.[7] That is the case here, as Plaintiff's Petition fails to allege facts which would permit Plaintiff to recover from Angelone and/or Spradlin under Texas law.[8]

16.    The focus of Plaintiff's complaint relates to Travelers' purported failure to pay what Plaintiff claims it should have received under the Travelers policy.  Moreover, Plaintiff lumps Travelers, Angelone and Spradlin together in the Petition, failing to delineate which actor purportedly committed the alleged wrongdoing.  Plaintiff's allegations against Angelone and Spradlin regarding purported statutory violations also consist merely of labels, conclusions, and formulaic recitations of the elements of a cause of action.  Additionally, Plaintiff purportedly seeks to recover under Section 542 of the Texas Insurance Code, which does not apply to individual adjusters, only carriers.  As such, these allegations are insufficient to establish a cause of action in state court under Texas law.[9]

---

[7]    *See Plascencia v. State Farm Lloyds*, Civ. A. 4:14-CV-00524-A, at 14 (N.D. Tex. Sept. 25, 2014) (Mem. Op.) (McBryde, J.), a copy of which is attached to this Notice as Exhibit A.

[8]    Travelers recognizes the conflicting opinions recently issued by the United States District Courts in Texas regarding the analysis to be used in determining whether a state court petition contains sufficient allegations against a non-diverse defendant to support a motion to remand. The conflict is the result of the implementation of Rule 91a of the Texas Rules of Civil Procedure.  However, in this instance, under either Texas' fair notice pleading standard or the heightened Rule 91a standard, Plaintiff's petition fails to establish a viable cause of action against Angelone and/or Spradlin.

[9]    *See Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999).  Travelers also contends that the allegations by Plaintiff that Angelone and Spradlin made misrepresentations fail to comply with the pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure in that the lack the specificity required by that rule.

17.     Specifically, only persons "engaged in the business of insurance" can be found liable under the Texas Insurance Code.[10] Determining whether an adjuster has been improperly joined is a fact-specific inquiry that requires review of the adjuster's specific role in the claim.[11] An individual whose only role in a claim is a valuation of damages has not "engaged in the business of insurance."[12]

18.     First, Plaintiff claims that Angelone and Spradlin misrepresented material facts relating to the coverage at issue in violation of Tex. Ins. Code § 541.060(a)(1).[13]   This conclusory allegation purportedly relates to the assertions that Angelone and Spradlin failed to conduct a reasonable investigation, stated that Plaintiff's damages were less severe than they were, used their own statements about the severity of damages to deny or underpay damages, and failing to provide an adequate explanation for the purportedly inadequate compensation plaintiff received.[14] This court has previously held that acts or omissions like this are not within the scope of § 541.060(a)(1) because they do not relate to the coverage at issue.[15] "The

---

[10]   Tex. Ins. Code § 541.002(2).

[11]   *Russell v. State Farm Lloyds*, 2001 WL 1326501, at *3 (N.D. Tex. Oct. 15, 2001).

[12]   *See Michels v. Safeco Ins. Co. of Indiana*, 544 Fed. Appx. 535, 540 (5th Cir. 2013) (affirming dismissal for improper joinder of third-party engineer whose only role in the claim was a valuation of damages); *Mainali Corp.*, 2015 WL 5098047, at *6 (N.D. Tex. Aug. 31, 2015) (dismissing as improperly joined an independent adjuster whose only role in the claim was a valuation of damages).

[13]   *See* Plaintiff's Petition at Paragraph 32.

[14]   *Id.* at Paragraph 21.

[15]   *Mainali Corp. v. Covington Specialty Ins. Co.*, 2015 WL 5098047, at *4 (N.D. Tex. Aug. 31, 2015) (Fitzwater, J.) (internal quotations omitted); *One Way Invs., Inc. v. Century Sur. Co.*, 2014 WL 6991277, at *4 (N.D. Tex. Dec. 11, 2014) (Fitzwater, J.) (quoting *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F.Supp.3d 721, 724 (N.D. Tex. 2014) (Solis, J.) (holding, inter alia, that claims adjuster had been improperly joined because alleged misrepresentations that "there was no damage to...roof when in fact there was damage and that the damage was only cosmetic in nature when in fact there was leaking resulting from the damage" were not statements that related to the coverage at issue)).

---

misrepresentation must be about the details of a policy, not the facts giving rise to a claim for coverage."[16] These allegations thus fail to state a claim against Angelone and Spradlin.

19.     Plaintiff's next contention is that Travelers, Angelone and Spradlin violated Texas Insurance Code § 541.060(a)(2)(A), by "failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear."[17]  Texas courts have held that adjusters cannot be held liable under this section of the Texas Insurance Code.[18] Therefore, this allegation also fails to state a claim against Angelone and Spradlin under Texas law.

20.     Additionally, Plaintiff cannot recover against Angelone and/or Spradlin under § 541.060(a)(3) for "failing to promptly provide . . . a reasonable explanation of the basis in the policy . . . for the insurer's denial of a claim, or offer of a compromise settlement of a claim." [19] "[A]n adjuster cannot be held liable under § 541.060(a)(3) because an adjuster has no obligation to provide a policyholder a reasonable explanation of the basis in the policy for the insurer's denial of a claim, or offer of a compromise settlement of a claim." [20] Plaintiff thus has no reasonable basis for recovery against Angelone and/or Spradlin regarding this cause of action.

21.     Plaintiff's fifth claim is that Angelone and Spradlin violated Texas Insurance Code § 541.060(a)(4) by "failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff or to submit a reservation of rights to Plaintiff."[21]  As noted by this Court in

---

[16]  *One Way*, 2014 WL 6991277, at *4 (quoting *Messersmith*, 10 F.Supp.3d at 724

[17]  *See* Plaintiff's Original Petition at Paragraph 33.

[18]  *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F.Supp.3d 721, 724 (N.D. Tex. 2014).

[19]  TEX. INS. CODE § 541.060(a)(3).

[20]  *Mainali Corp.*, 2015 WL 5098047, at *4.

[21]  See Plaintiff's Original Petition at Paragraph 34.

*One Way Investments*, an adjuster cannot be held liable under this section as an adjuster does not have authority on behalf of the insurer to affirm or deny coverage of a claim to a policyholder.[22]

22.     Plaintiff is also prohibited from recovering against Angelone and/or Spradlin under § 541.060(a)(7) for "refusing to pay a claim without conducting a reasonable investigation with respect to that claim." [23]  As the *Mainali* court recognized:

> Like § 541.060(a)(2), the bad behavior that the statute targets is an insurer's refusal to pay under certain circumstances. Those who can be held liable are the insurance company or the individual at the insurance company who refuses to pay the claim, not the individual responsible for conducting the investigation.[24]

23.     Similarly, Plaintiff cannot recover against Angelone and/or Spradlin under § 541.061(1)-(3) for misrepresentation of an insurance policy.  Where a dispute concerns whether a "claim was factually within the policy's terms," rather than what the policy said, section 541.061(1)-(3) is inapplicable.[25]

24.     Plaintiff cannot recover against Angelone or Spradlin under § 541.061(1)-(3) based on the allegations in the petition. Section 541.061(1)-(3) provides that it is an unfair or deceptive act or practice to misrepresent an insurance policy by

> (1) making an untrue statement of material fact; (2) failing to state a material fact necessary to make other statements made not misleading,

---

[22]   *One Way Investments*, at *5, 2014 WL 6991277.

[23]   Tex. Ins. Code § 541.060(a)(7).

[24]   *Mainali Corp.*, 2015 WL 5098047, at *4 (quoting *Messersmith*, 10 F.Supp.3d at 725; internal brackets omitted)

[25]   *See Texas Mut. Ins. Co. v. Ruttiger*, 381 S.W.3d 430, 446 (Tex. 2012) (finding no evidence of a violation, where dispute concerned underlying facts, not policy terms); *see also Texas Mut. Ins. Co. v. Morris*, 383 S.W.3d 146, 150 (Tex. 2012) (same, where "the dispute between Morris and TMIC was the extent of Morris's injury, not what the policy said or whether it covered the disc problems if they were related to the back strain").

considering the circumstances under which the statements were made; (3) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact.

Assuming that an adjuster can be held liable under § 541.061(1)-(3), Plaintiff's allegations fail to state a claim for relief even under the liberal Texas pleading standard. The petition makes only conclusory allegations, including the following:

> Travelers, Angelone and Spradlin misrepresented the insurance policy under which it affords property coverage to Stone-Tec by making an untrue statement of material fact, in violation of Texas Insurance Code Section 541.061(1).[26]

> Travelers, Angelone and Spradlin misrepresented the insurance policy under which it affords property coverage to Stone-Tec by failing to state a material fact that is necessary to make other statements made not misleading in violation of Texas Insurance Code Section 541.061(2).[27]

> Travelers, Angelone and Spradlin misrepresented the insurance policy under which it affords property coverage to Stone-Tec by making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact, and failing to disclose a matter required by law to be disclosed, in violation of Texas Insurance Code Section 541.061(3) and Texas Insurance Code Section 541.002(5).[28]

These and the petition's other allegations that relate to these claims are too conclusory, and they do not provide the court with a reasonable basis to predict that Plaintiff can recover against Angelone and/or Spradlin under § 541.061(1)-(3). In essence, Plaintiff has only pleaded a theoretical possibility that Angelone or could be held liable under these sections.[29]

---

[26] Petition at ¶ 23.

[27] *Id.* at ¶ 24.

[28] *Id.* at ¶ 25.

[29] *See Smallwood*, 385 F.3d at 573 (holding that pleadings must show more than a "mere theoretical possibility of recovery"); see also Meritt Buffalo Events Ctr., LLC v. Cent. Mut. Ins. Co., No. 3:15-CV-3741-D, 2016 WL 931217, at *5 (N.D. Tex. Mar. 11, 2016) (Fitzwater, S.) (finding insurer met its heavy burden against remand where insured's petition included only conclusory allegations against non-divers adjuster defendants); *see alsoPlascencia v. State Farm Lloyds*, 2014 U.S. Dist. LEXIS 135081, at *4 (N.D. Tex. Sept. 25, 2014) (McBryde, J.) (citations omitted) (declining to give effect to repeated references to 'defendants' because

25.     Moreover, Plaintiff cannot recover against Angelone and/or Spradlin under any section of Chapter 542 for violation of the Prompt Payment of Claims Act. Plaintiff alleged Angelone and/or Spradlin violated Sections 542.055(a)(1), 542.055(a)(2-3), 542.056(a), and 542.058(a) of the Texas Insurance Code, and did not expressly limit its Section 542.060 claim to Travelers.[30] However, "the Prompt Payment of Claims Act applies only to insurers."[31] Angelone and/or Spradlin are not insurers and Plaintiff has no reasonable basis for recovery on a Chapter 542 claim against them.

26.     Plaintiff did not allege a claim for breach of contract against Angelone and/or Spradlin.[32] Instead, Plaintiff correctly limited this claim to Travelers, as the insurance policy at issue was between the plaintiff and Travelers, and Angelone and/or Spradlin were not a party to it.

---

"[m]erely lumping diverse and non-diverse defendants together in undifferentiated liability averments of a petition does not satisfy the requirement to state specific actionable conduct against the non-diverse defendant[,]" and holding that there was "no reasonable basis for the court to predict that plaintiff might be able to recover from [the adjuster]" because the allegations specifically naming the adjuster, which are almost identical to the allegations in the present case, were "couched as factual allegations" but "a closer analysis disclose[d] that they [were] nothing more than mere conclusions"); *Weber Paradise Apartments, LP v. Lexington Ins. Co.*, 2013 WL 2255256, at *8 (N.D. Tex. May 23, 2013) (Lindsay, J.) (quoting Griggs v. State Farm Lloyds, 181 F.3d 694, 701 (5th Cir. 1999) ("The mere recitation or paraphrasing of statutory provisions, absent at least a modicum of specificity, fails to meet Texas's 'fair notice' pleading standard. '[W]hether the plaintiff has stated a valid cause of action depends upon and is tied to the factual fit between the plaintiff's allegations and the pleaded theory of recovery.'")); *DeCluette v. State Farm Lloyds*, 2013 WL 607320, at *3 (N.D. Tex. Feb. 19, 2013) (Boyle, J.) (holding that plaintiff did not show reasonable basis to predict recovery against adjuster because plaintiff made only conclusory allegations, recited elements of causes of action, and "repeatedly refer[red] to the allegedly wrongful conduct as taken jointly by 'Defendants'...without specifying the conduct taken by each separately").

[30]   *See* Petition at ¶ ¶ 27-31.

[31]   *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F. Supp. 3d 721, 723 (N.D. Tex. 2014); Tex. Ins. Code § 542.052.

[32]   *See* Petition at ¶ ¶ 34-35; *see also Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 698 (Tex. 1994) (holding agents and contractors hired by a carrier do not have contractual privity with the insureds, and consequently, are not held to the common-law duty of good faith and fair dealing).

27.     Similarly, Plaintiff did not allege a claim for breach of the common-law duty of good faith and fair dealing against Angelone and/or Spradlin. Instead, Plaintiff correctly limited this claim to Travelers.[33]

28.     Plaintiff seeks "Punitive Damages for Bad Faith" against Angelone and/or Spradlin for "denying Plaintiff's claim for benefits."[34] While Plaintiff correctly limited its claim for breach of the common-law duty of good faith and fair dealing to Travelers, it did not do the same for the corresponding claim for punitive damages.  Under Texas law, "an award of punitive damages is not a separate cause of action."[35] Further, "Texas, like the majority of states, limits punitive damages to cases in which actual compensatory damages are found."[36] Because Plaintiff did not allege a claim for breach of the common-law duty of good faith and fair dealing against Angelone and/or Spradlin, Plaintiff has no reasonable basis for recovery of punitive damages for bad faith.

*(2)*     ***Plaintiff's Claims against Angelone and Spradlin Bear the "Badges of Improper Joinder."***

29.     Not only does Plaintiff fail to allege facts sufficient to permit recovery from Angelone and Spradlin, but Plaintiff's Petition also bears multiple "badges of improper joinder" recognized by this Court.[37]

---

[33]   *See* Petition at ¶ 37.

[34]   *Id.* at ¶ 39.

[35]   *Sulzer Carbomedics, Inc. v. Oregon Cardio-Devices, Inc.,* 257 F.3d 449, 461 (5th Cir. 2001).

[36]   *Schulman v. Schulman*, 2013 WL 875222, at *3 (N.D. Tex. Feb. 11, 2013) (*citing Lanier v. Salas,* 777 F.2d 321, 325 (5th Cir. 1985)).

[37]   *See Plascencia v. State Farm Lloyds,* Civ. A. 4:14-CV-00524-A, at 14 (N.D. Tex. Sept. 25, 2014) (Mem. Op.) (McBryde, J.), a copy of which is attached to this Notice as Exhibit A; *see also Messersmith v. Nationwide Mut. Fire Ins. Co.,* 10 F.Supp.3d 721, 724-25 (N.D. Tex. 2014) (Solis, J.); *One Way Investments*, 2014 WL 6991277, at *3-*5.

30.     The first badge of improper joinder is present when the insured-plaintiff uses a boilerplate petition which appears "purposely designed to defeat federal court jurisdiction."[38]

31.     Here, Plaintiff's factual allegations against Angelone and Spradlin mirror the factual allegations in the five recently-filed state court petitions attached as Exhibit B1 through B5 – all of which were filed by Plaintiff's counsel in unrelated property damage lawsuits.[39] Only the names of the individual adjusters and insurance carriers differ; the boilerplate allegations in each petition are nearly identical, stating that the adjusters were "improperly trained and failed to perform a thorough investigation of the claim" and "conducted a substandard inspection of Plaintiff's property."[40]

32.     With respect to another badge of improper joinder, Plaintiff has no "plausible reason for suing [Angelone and Spradlin] other than to defeat diversity jurisdiction."[41] There is no credible reason why a favorable judgment on Plaintiff's claims against Travelers (if warranted) would fail to afford Plaintiff full and complete relief.  Nor is there any "suggestion that a recovery by [P]laintiff against [Angelone and Spradlin] would provide any financial gain to [P]laintiff."[42] It is thus clear that Plaintiff's claims against Angelone and Spradlin are intended solely to deprive this Court of jurisdiction.

**B.      Removal is Proper Because Plaintiff's Claimed Damages Exceed This Court's Jurisdictional Threshold of $75,000.**

33.     If it is facially apparent that Plaintiff's claims in this suit exceed $75,000,

---

[38]   *Plasencia v. State Farm,* at page 16.

[39]   *See* Exhibits B1-B5.

[40]   *Id.*

[41]   *See Plascencia* [Exhibit A] at 15-18.

[42]   *Id.* at 16 (quoting *Dougherty v. State Farm Lloyds*, No. 4:01-CV-611-A, 2001 WL 1041817, at *2 (N.D. Tex. Aug. 30, 2001)).

exclusive of interest, costs, and attorney's fees, Travelers' burden to establish the amount in controversy exceeds this Court's jurisdictional threshold is satisfied.[43]

34.     Here, Plaintiff's Petition states that Plaintiff seeks to recover more than $1,000,000 in this lawsuit.[44] It is thus facially apparent that Plaintiff's claims exceed this Court's jurisdictional threshold of $75,000.

## III.
## CONCLUSION

35.     Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be filed with the clerk of the District Clerk of Dallas County, Texas promptly after the filing of this Notice.

36.     As required by 28 U.S.C. § 1446(a), and Local Rule 81.1, a copy of each of the following are attached to (or filed with) this Notice:

    a.     an index of all documents attached to (or filed with) this Notice that clearly identifies each such document and indicates the date the document was filed in state court (if applicable);

    b.     a copy of the docket sheet in the state court action;

    c.     each document filed in the state court action (as separate attachments arranged in chronological order according to state court filing date); and

    d.     a separately signed certificate of interested persons that complies with Local Rule 3.1(c).

37.     Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice will be

---

[43]   *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1999).

[44]   Petition at ¶6.

given to all adverse parties promptly after the filing of this Notice.

WHEREFORE, Defendant The Travelers Lloyds Insurance Company requests that this action be removed from the 14th Judicial District Court of Dallas County, Texas, to the United States District Court for the Northern District of Texas, Dallas Division, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

ZELLE LLP

By: _____*/s/ Jennifer L. Gibbs*___
    James W. Holbrook, III
    Texas Bar No. 24032426
    jholbrook@zelle.com
    Jennifer L. Gibbs
    Texas Bar No. 24050656
    jgibbs@zelle.com
    Tyler J. McGuire
    Texas Bar No. 24098080
    tmcguire@zelle.com

901 Main Street, Suite 4000
Dallas, Texas 75202-3975
Telephone:   214-742-3000
Facsimile:   214-760-8994

**COUNSEL FOR DEFENDANT
THE TRAVELERS LLOYDS
INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served on all counsel of record on April 11, 2016, in accordance with the FEDERAL RULES OF CIVIL PROCEDURE as follows:

Matthew J. Worrall
mworrall@potts-law.com
William H. Barfield
wbarfield@potts-law.com
**THE POTTS LAW FIRM, LLP**
100 Waugh Drive, Suite 350
Houston, TX 77007
Telephone:      713-963-8881
Facsimile:      713-574-2938
***Attorneys for Plaintiff Stone-Tec, Inc.***

_____/s/ Jennifer L. Gibbs_____
Jennifer L. Gibbs