# Exhibit E

# Exhibit E-1

DALLAS COUN
2/24/2016 4:02:42
FELICIA PIT
DISTRICT CLE

Tonya Pointer

CAUSE NO. _____  DC-16-02170

| | | |
|---|---|---|
| **STONE-TEC, INC.** | § | **IN THE DISTRICT COURT** |
| | § | |
| | § | |
| **VS.** | § | |
| | § | **DALLAS COUNTY, TEXAS** |
| **THE TRAVELERS LLOYDS** | § | |
| **INSURANCE COMPANY,** | § | |
| **STEPHEN WAYNE ANGELONE AND** | § | |
| **JASON SPRADLIN** | § | **_____ JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Plaintiff, STONE-TEC, INC., (hereinafter, referred to as Plaintiff), and files this, its Original Petition, and for causes of action against Defendants, THE TRAVELERS LLOYDS INSURANCE COMPANY ("Travelers"), STEPHEN WAYNE ANGELONE ("Angelone") and JASON SPRADLIN ("Spradlin") (collectively "Defendants") would show unto the Court and the jury the following:

### A. DISCOVERY CONTROL PLAN

1.      Plaintiff intends to conduct discovery under Level 2 of Texas Rules of Civil Procedure 190.

### B.      PARTIES AND SERVICE OF PROCESS

2.      Plaintiff, STONE-TEC, INC., is a Texas Corporation and owns the property that is the subject of this lawsuit.  The Plaintiff's principal office is situated in Dallas County, Texas.

3.      The Defendant, THE TRAVELERS LLOYDS INSURANCE COMPANY, is an insurance company engaging in the business of insurance in Texas.  This defendant may be served by serving its Registered Agent for service of process: Corporation Service Company, 211 East 27th Street, Suite 620, Austin, Texas 78701.

1

4.     The Defendant, STEPHEN WAYNE ANGELONE, is an individual residing in and domiciled in the State of Texas.  This defendant may be served via certified mail, return receipt requested at PO Box 660452, Dallas, Texas 75266.

5.     The Defendant, JASON SPRADLIN, is an individual residing in and domiciled in the State of Texas.  This defendant may be served via certified mail, return receipt requested at 332 Forest Grove Drive, Richardson, Texas 75080.

## C.     VENUE & JURISDICTION

6.     The Court has jurisdiction over this controversy because the damages are within the jurisdictional limits of this court.  Plaintiff is seeking monetary relief over $1,000,000.00.  Plaintiff reserves the right to amend this petition during and/or after the discovery process.

7.     The Court has jurisdiction over Defendant, Travelers, because this defendant engaged in the business of insurance in the State of Texas, and Plaintiff's causes of action arise out of defendant's business activities in the State of Texas.

8.     The Court has jurisdiction over Defendant, Angelone, because this defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiff's causes of action arise out of defendant's business activities in the State of Texas.

9.     The Court has jurisdiction over Defendant, Spradlin, because this defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiff's causes of action arise out of defendant's business activities in the State of Texas.

## D.     FACTS

10.     On or before April 13, 2007, Travelers sold a commercial property policy (the "Policy") to Plaintiff whereby Travelers would provide insurance coverage for the property located at 2929 W. Kingsley Road, Garland, Texas 75041 (the "Property) in exchange for the timely payment of

2

premiums. The Policy was sold by Travelers to Plaintiff as the insured under the Policy and provides coverage for damages to the Property caused by wind and hail.

11.     The Policy is subject to the applicable state law to be determined by the court of competent jurisdiction. The Policy Coverage is provided by Travelers. The Policy was executed, negotiated, and performed in Dallas County, Texas. All claim disputes under the Policy are handled through the Texas Department of Insurance.

12.     On or about May 29 and/or 30, 2015, there was a wind and hail storm in Garland (the "Storm") which resulted in substantial damage to the Property.  As a result, the exterior, roof, interior, HVAC, and other structures were damaged.  Upon discovering the damage, Plaintiff timely filed an insurance claim under the Policy with Travelers for damages to the property caused by the storm.  Plaintiff asked that the cost of repairs be covered pursuant to the Policy.

13.     Travelers insured the Property.  Travelers assigned adjusters and agents to Plaintiff's file that were inadequate and improperly trained.  Specifically, Travelers assigned the claim to its internal adjusters, Stephen Wayne Angelone and Jason Spradlin.  Angelone and Spradlin were assigned as the adjusters with decision-making authority over Plaintiff's claim under Travelers' insurance policy.  Angelone and Spradlin conducted unreasonable and inadequate investigations of Plaintiff's claim, which resulted in a wrongful denial and undervalued wind and hail damage to the roofs, interior, HVAC, and other structure.

12.     Travelers, Angelone and Spradlin chose to ignore obvious damages to the Property. Travelers relied on Angelone and Spradlin's incomplete and inadequate investigations in making coverage decisions under the Policy and deciding what amounts, if any, to pay the claim.  Plaintiff was forced to hire its own representative and demand re-inspections and re-evaluations of the

3

obvious damages to the Property that Defendants ignored.  Defendants represented that certain damages were not covered under the Policy when in fact they were.

13.     Based on Travelers, Angelone and Spradlin's haphazard investigations, inadequate payments have been issued under the Policy.  Travelers, Angelone and Spradlin wrongfully denied, underpaid, and delayed Plaintiff's claim for property repairs and replacement.  Defendants have chosen to continue to deny and delay timely payment of the damages.  As a result, Plaintiff has not been fully paid under the Policy provided by Travelers since the wind and hail storm.

14.     Unfortunately, Defendants have delayed payment for Plaintiff's necessary and covered property repairs under its insurance policy.  Given the repeated delays of payment, Plaintiff has been subjected to significant economic impact, worry, distress, and continuing economic and physical damage.  In addition, Plaintiff has suffered financial harm and damages as a result of Defendants' denials, underpayments, and repeated delays.  The significant effect of Defendants' wrongful and unjustified delays, however, is still uncompensated.

### E.     CAUSES OF ACTION

15.     Each of the foregoing paragraphs is incorporated by reference in the following:

### I.     Violations of Texas Insurance Code

16.     Stone-Tec re-alleges and incorporates each allegation contained in Paragraphs 1-15 of this Petition as if fully set forth herein.

17.     Defendants' misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiff's damages; (2) stating that Plaintiff's damages were less severe than they in fact were; (3) using their own statements about the non-severity of the damages as a basis for denying properly covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate

4

compensation Plaintiff received. Defendants Angelone and Spradlin's unfair settlement practices, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(1).

18.     Travelers, Angelone and Spradlin failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which liability has become reasonably clear, in violation of Texas Insurance Code Section 541.060(a)(2)(A).

19.     Travelers, Angelone and Spradlin failed to adopt and implement reasonable standards for prompt investigation of claims arising under its policies.

20.     Travelers, Angelone and Spradlin failed to promptly provide a reasonable explanation, in relation to the facts or applicable law for the denial of Plaintiff's claim, in violation of Texas Insurance Code Section 541.060(a)(3).

21.     Defendants Angelone and Spradlin's unfair settlement practices, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

22.     Travelers, Angelone and Spradlin refused to pay Plaintiff's claim without conducting a reasonable investigation with respect to the claim, in violation of Texas Insurance Code Section 541.060(a)(7).

23.     Travelers, Angelone and Spradlin misrepresented the insurance policy under which it affords property coverage to Stone-Tec, by making an untrue statement of material fact, in violation of Texas Insurance Code Section 541.061 (1).

5

24.    Travelers, Angelone and Spradlin misrepresented the insurance policy under which it affords property coverage to Stone-Tec by failing to state a material fact that is necessary to make other statements made not misleading, in violation of Texas Insurance Code Section 541.061 (2).

25.    Travelers, Angelone and Spradlin misrepresented the insurance policy under which it affords property coverage to Stone-Tec by making a statement in such manner as to mislead a reasonably prudent person to a false conclusion of material fact, and failing to disclose a matter required by law to be disclosed, in violation of Texas Insurance Code Section 541.061 (3) and Texas Insurance Code Section 541.002 (5).

26.    Travelers, Angelone and Spradlin knowingly committed the foregoing acts, with actual knowledge of the falsity, unfairness, or deception of the foregoing acts and practices, in violation of Texas Insurance Code Section 541.002 (1).

## II.    Prompt Payment of Claim

27.    Stone-Tec re-alleges and incorporates each allegation contained in Paragraphs 1 – 25 of this Petition as if fully set forth herein.

28.    Travelers, Angelone and Spradlin failed to acknowledge receipt of the claim in violation of Texas Insurance Code Section 542.055(a)(1).

29.    Travelers, Angelone and Spradlin failed to timely commence investigation of the claim or to request from Stone-Tec any additional items, statements or forms that Travelers, Angelone and Spradlin reasonably believe to be required from Stone-Tec in violation of Texas Insurance Code Section 542.055(a)(2)-(3).

30.    Travelers, Angelone and Spradlin failed to notify Stone-Tec in writing of the acceptance or rejection of the claim not later than the 15th business day after receipt of all items, statements

and forms required by Travelers, Angelone and Spradlin in violation of Texas Insurance Code Section 542.056(a).

31.     Travelers, Angelone and Spradlin delayed payment of Stone-Tec's claim in violation of Texas Insurance Code Section 542.058(a).

### III.     Statutory Interest

32.     Stone-Tec re-alleges and incorporates each allegation contained in Paragraphs 1- 28 of the Petition as if fully set forth herein.

33.     Stone-Tec makes a claim for penalties of 18% statutory interest on the amount of the claims along with reasonable attorneys' fees for violation of Texas Insurance Code Subchapter B pursuant to Texas Insurance Code Section 542.060.

### IV.     Breach of Contract

34.     Stone-Tec re-alleges and incorporates each allegation contained in Paragraphs 1- 30 of the Petition as if fully set forth herein.

35.     Travelers breached their contract with Stone-Tec.  As a result of Travelers' breach, Stone-Tec suffered legal damages.

### V.     Breach of Duty of Good Faith & Fair Dealing

36.     Stone-Tec re-alleges and incorporates each allegation contained in Paragraphs 1- 32 of the Petition as if fully set forth herein.

37.     Travelers, as the property coverage insurer, had a duty to deal fairly and in good faith with Stone-Tec in the processing of the claim. Travelers breached this duty by refusing to properly investigate and effectively denying insurance benefits.  Travelers knew or should have known that there was no reasonable basis for denying or delaying the required benefits.  As a result of the Travelers' breach of these legal duties, Stone-Tec suffered legal damages.

7

## VI.   Punitive Damages for Bad Faith

38.   Stone-Tec re-alleges and incorporates each allegation contained in Paragraphs 1-34 of the Petition as if fully set forth herein.

39.   Defendants acted fraudulently and with malice (as that term is legally defined) in denying and delaying Stone-Tec's claim for benefits.  Further, Defendants had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Stone-Tec.

## F.   DAMAGES

44.   Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

45.   Plaintiff is entitled to the actual damages resulting from the Defendants' violations of the law.  These damages include the consequential damages to its economic welfare from the wrongful denial and delay of benefits; the mental anguish and physical suffering resulting from this wrongful denial of benefits, and continued impact on Plaintiff; and other actual damages permitted by law.  In addition, Plaintiff is entitled to exemplary damages.

46.   As a result of Defendants' acts and/or omissions, Plaintiff has sustained damages in excess of the minimum jurisdictional limits of this Court.

47.   Stone-Tec is entitled under law to the recovery of prejudgment interest at the maximum legal rate.

48.   Defendants' knowing violations of the Texas Insurance Code entitle Stone-Tec to attorneys' fees, treble damages, and other penalties provided by law.

49.   For breach of contract, Plaintiff is entitled to regain the benefit of its bargain, which is the amount of its claim, together with reasonable attorney's fees.

8

50.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, court costs, and attorney's fees.  For knowing conduct of the acts described above, Plaintiff ask for three times its actual damages. Tex. Ins. Code § 541.152.

51.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of the claim, as well as 18% (eighteen percent) interest per annum on the amount of such claim as damages, together with attorney's fees.  Tex. Ins. Code § 542.060.

52.     For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages and damages for emotional stress.

53.     For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading.  Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.  Stone-Tec is entitled to the recovery of attorneys' fees pursuant to Tex. Civ. Prac. & Rem. Code §38.001, the Texas Insurance Code 542.060(a)-(b), the Tex. Bus & Commerce Code §17.50 and Tex. Civ. Prac. & Rem. Code §37.009.

### JURY DEMAND

55.     Plaintiff hereby requests that all causes of action alleged herein be tried before a jury. Plaintiff hereby tenders the appropriate jury fee.

## DISCOVERY REQUESTS

56.     Pursuant to Texas Rules of Civil Procedure 194, Plaintiff requests that each Defendant disclose, within 30 days of service of this request, the information or materials described in Texas Rule of Civil Procedure 194.2(a)-(l).

57.     Defendants are requested to respond to the attached interrogatories and requests for production within fifty (50) days.

## PRAYER

58.     WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this court site Defendants to appear and answer herein and that Plaintiff has judgment taken against Defendants and recovers from Defendants all damages allowed by law, and that Plaintiff be awarded attorneys' fees for trial and any appeal of this case, for pre-judgment and post judgment interest as allowed by law, costs of court, and such other and further relief, both general and special, at law or in equity, to which Plaintiff is justly entitled.

Respectfully submitted,

THE POTTS LAW FIRM, LLP

By:    */s/ Matthew J. Worrall*
       **Matthew J. Worrall**
       SBN: 24070883
       **Derek Potts**
       SBN: 24073727
       **William H. Barfield**
       SBN:  24031725
       **Andrew A. Woellner**
       SBN:  24060850
       100 Waugh Drive, Suite 350
       Houston, Texas 77007
       Telephone (713) 963-8881
       Facsimile (713) 574-2938
       Emails: mworrall@potts-law.com
              wbarfield@potts-law.com
              awoellner@potts-law.com
              dpotts@potts-law.com

**ATTORNEYS FOR PLAINTIFF**

## PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION

COMES NOW Plaintiff, in the above-styled and numbered cause, and requests that Defendant(s) answer the following Interrogatories and Requests for Production separately and fully in writing pursuant to the Texas Rules of Civil Procedure within 50 days of service.  Serve answers to the requests on Plaintiff by and through his/her attorney of record.

### DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions shall apply to these Interrogatories and Requests for Production:

1.　　"You", "your", and "defendant" shall mean the Defendant the interrogatories and requests for production are addressed to in this case, and shall include past or present directors, officers, representatives, employees, agents, guardians, attorneys, or any other person or persons acting or purporting to act on your behalf, whether authorized to do so or not.

2.　　"Any" includes the word "all" and "all" includes the word "any".

3.　　The term "person" or "persons" shall mean all individuals and entities, including, but not limited to, natural persons, firms, partnerships, associations, organizations, divisions, joint ventures, corporations, trusts, reciprocal or interinsurance exchange, Lloyd's plan, fraternal benefit society, agent, governmental entities, domestic or foreign, unincorporated associations, or any other form of business, governmental, public or charitable entity.

4.　　Unless otherwise established by the context, the plural shall be construed to include the singular and the singular the plural, wherever the effect of doing so is to increase the information in your responses.

5.　　The terms "relate to", "relating to", "refer to", and "referring to" shall be construed to include any connection, direct or indirect, whatsoever with the requested documentation, person, or subject matter, without limitation unless specifically indicated.

6.　　"Identify" or give the "identity of" means:

　　　i.　　In the case of a <u>person</u>, to state such person's
　　　　　(1)　　full name;
　　　　　(2)　　last known home and business address and home and business telephone number;
　　　　　(3)　　employer or business affiliation; and
　　　　　(4)　　occupation and business position held.

　　　ii.　　In the case of a <u>document</u>, to state:
　　　　　(1)　　the identity of the person or persons preparing it and the sender;

    (2)    its title or a description of the general nature of the subject matter;
    (3)    the identity of the addressee(s), if any;
    (4)    its date or dates of preparation;
    (5)    its date or dates and manner of distribution and publication, if any;
    (6)    the location of each copy and the identity of its present custodian;
    (7)    the type of document; and
    (8)    all characteristics by which that document might be distinguished from any other document.

    iii.    In the case of a communication in the form of an <u>oral statement</u>, to state:
        (1)    the identity of the person uttering the oral statement;
        (2)    the place at which such oral statement was uttered;
        (3)    the date on which such oral statement was uttered;
        (4)    the identity of each person in whose presence or hearing such oral statement was uttered; and
        (5)    the substances of the oral statement.

7.    "Evidencing" or "evidences" shall mean constituting, proving, reflecting, indicating, or probative of the existence or nature of any fact, allegation, or given matter.

8.    "Fact" refers to all evidentiary facts presently known to you and all evidentiary facts the existence of which is presently inferred by you from the existence of any combination of evidentiary and/or ultimate facts.

9.    "Policy" refers to the policy of insurance in effect on the date that the loss made the basis of this lawsuit occurred.

10.    "Property" refers to the building, dwelling, other structures, and personal property covered by the Policy, as defined above, made the basis of this lawsuit.

11.    "Lawsuit" shall mean the litigation, the style, court and cause number which is found in the caption to this instrument.

12.    "Document" shall include but not be limited to all handwritten, stenographic, typed, written, or printed writings and papers of every kind, kept, maintained, or received by plaintiff or your attorney, including, but not limited to, contracts, invoices, letters, telegrams, e-mails, memoranda, reports, studies, books, records, calendar or diary entries, pamphlets, notes, charts, tabulations, records (including tape recordings or transcriptions thereof) of meetings, conferences, and telephone or other conversations or communications, ledgers, financial statements, photostats, microfilm, photographs, slides, motion pictures, video tapes, tape and disc recordings on software programs, including reproduction of copies of documents which are not identical duplicates of the original, and also including any reproduction or copies of documents of which the originals are not in the possession, custody or control of Defendant.  This definition includes all copies, reproductions, or facsimiles of documents by whatever means made and all documents for which privilege is claimed.  If copies of a document are not identical by reason of handwritten notations, identification marks, or any other modifications, each such non-identical copy is a separate

document within the meaning of this definition.

11.     "Incident", "accident", and/or "occurrence", and/or "collision" shall mean and refer to that certain incident which is described in more detail in Plaintiff's Original Petition currently on file herein.

12.     A person has knowledge of relevant facts when he has or may have knowledge of any discoverable matter.  The information need not be admissible and personal knowledge is not required.  Identification of a person with knowledge of relevant facts should include a current address and telephone number.

13.     When responding to any of the following Interrogatories, the Defendant is to identify to the fullest extent possible, any document which the Defendant know or suspects had once existed.

Respectfully submitted,

THE POTTS LAW FIRM, LLP


By:     /s/ Matthew J. Worrall
        **Matthew J. Worrall**
        SBN: 24070883
        **William H. Barfield**
        SBN: 24031725
        100 Waugh Drive, Suite 350
        Houston, Texas 77007
        Telephone (713) 963-8881
        Facsimile (713) 574-2938
        Emails: mworrall@potts-law.com
                wbarfield@potts-law.com
                awoellner@potts-law.com


**ATTORNEYS FOR PLAINTIFF**

14

## CERTIFICATE OF SERVICE

I hereby certify that I sent a true and correct copy of the attached discovery requests to Defendant(s) as an attachment to the petition.  Therefore, Defendant(s) would have received it when it was served with the citation.

THE POTTS LAW FIRM, LLP


/s/ Matthew J. Worrall
**Matthew J. Worrall**

## INTERROGATORIES TO INSURER

1. Identify the name, job title, dates of employment and a brief description for all persons providing information for the answers to these interrogatories.

   **ANSWER**

2. Identify all persons and entities who handled the claim made the basis of the Lawsuit on behalf of Defendant.

   **ANSWER**

3. Identify the name and job title of each person who inspected the Property made the basis of this Lawsuit and the date of the inspection.

   **ANSWER**

4. State the date Defendant closed Plaintiff's claim and to the extent Defendant asserts statute of limitations as a defense, state all dates and manners in which Defendant notified Plaintiff(s)

   **ANSWER**

5. Does Defendant contend that Plaintiff(s) failed to provide proper notice of the claim made the basis of this Lawsuit under the Policy or Texas Insurance Code, and, if so, describe how notice was deficient and the resulting prejudice, if any.

   **ANSWER**

6. At the time the claim made the basis of this Lawsuit was investigated and inspected, describe all damage attributable to the storm observed at the Property by Defendant, or persons or entities on behalf of Defendant.

   **ANSWER**

7. Please identify all documents and information requested from Plaintiff at the time the claim made the basis of this Lawsuit was investigated, stating the date and manner in which the request was made, and identify the requested documents Defendant claims Plaintiff failed to provide upon Defendant's request.

   **ANSWER**

8. If you contend Plaintiff's damages claimed in this lawsuit are from a prior insurance claim or prior unrepaired damage, please list all prior claims on the property made in the last ten years, including claim number, date of loss, type of loss, and payments, if any.

**ANSWER**

9. Describe Defendant's method of determining whether overhead and profit ("O&P") should be applied to the claim made the basis of this Lawsuit, and whether Defendant has a policy or procedure in place regarding the method of determining O&P.

**ANSWER**

10. List all exclusions under the Policy applied to the claim made the basis of this Lawsuit, and for each exclusion identified, state the factual basis that Defendant relies upon to apply that exclusion.

**ANSWER**

11. Identify all items on the claim made the basis of this Lawsuit that Defendant applied depreciation, stating for each item the method for calculating the depreciation and the age of the item.

**ANSWER**

12. State whether Defendant applied depreciation to labor and removal of the roof in the claim made the basis of this lawsuit, identifying the basis for that depreciation and the applicable policy section.

**ANSWER**

13. State whether sales tax was paid by Defendant on all materials and/or labor and the method of calculation.

**ANSWER**

14. State the Date Defendant first anticipated litigation.

**ANSWER**

15. State whether the estimate(s) prepared for the claim made the basis this Lawsuit by Defendant, or on Defendant's behalf, failed to identify any storm related damage at the Property. If so, identify each item of damage.

**ANSWER**

16. Identify all underwriting reports in Defendant's possession or control for the Property.

**ANSWER**

17. State whether the estimate(s) prepared for the claim made the basis of this lawsuit wrongly included or excluded any item or payment and describe each item or payment by stating whether it should have been included or excluded from the estimate.

**ANSWER**

18. Identify the amount of attorneys' fees incurred by Defendant to date and in connection with this amount state:
    a. The activities and work performed from the inception of the representation of Defendant through Present.
    b. The amount of time spent on each of the activities performed from the inception of the representation through Present.
    c. The name and hourly rate charged by each of the attorneys representing Defendant in this case from the inception of the representation until Present; and the date in which the representation of Plaintiff began by each attorney.

**ANSWER**

19. What is your compensation arrangement with your expert witness in this case?

**ANSWER**

20. Describe the work performed by your expert witnesses in this case, including a description of the work, the time the work took to complete, the name of the person who completed the work, the date of the work and the rate charged or applied to the work.

**ANSWER**

21. State every basis, in fact and based on the terms of the policy, for defendant's denial or partial denial and/or recommendation of denial or partial denial of Plaintiff's claim(s)

**ANSWER**

22. If you contend that the Policy is void for any reason, state the factual basis for that contention.

**ANSWER**

## REQUEST FOR PRODUCTION TO INSURER

1.    The following insurance documents issued for the Properties as identified in the Petition:

    a.    the policy at issue for the date of loss as identified in the Petition; and

    b.    the policy declarations page for the 3 years preceding the storm.

RESPONSE:

2.    Produce underwriting files and documents relating to the underwriting for all insurance policies for the Properties identified in the Petition. This request is limited to the past 3 years. To the extent Defendant contends that the underwriting file or documents older than 3 years impact the damages or coverage, produce that underwriting file or document.

RESPONSE:

3.    All documents relating to the condition or damages of the Properties or any insurance claim on the Properties identified in the Petition.

RESPONSE:

4.    All documents relating to any real property insurance claims made by Plaintiff at the insured premises that are the basis of this Lawsuit or business interruption, loss of income and/or business loss claims made by the Plaintiff(s). This request is limited to the past 3 years. To the extent Defendant contends that documents older than 3 years impact the damages or coverage, produce that document.

RESPONSE:

5.    All requests for information to any third party about the Properties, the Plaintiff(s), or the claims made the basis of this Lawsuit.

RESPONSE:

6.    All documents used to instruct, advise, guide, inform, educate, or assist provided to any person handling the claim made the basis of this Lawsuit that related to the adjustment of this type of claim, i.e., hail property damage, business interruption, loss of income and/or business loss.

RESPONSE:

7.    All documents obtained from any person(s) or entity(ies) and governmental agencies on behalf of Defendant or by Defendant relating to the Plaintiff(s), the Properties, the Policy, or the claims made the basis of this Lawsuit. This request includes all documents obtained by way of deposition on written questions.

RESPONSE:

8.      All documents received (prior to litigation) directly or indirectly from Plaintiff(s) or created by Plaintiff(s) related to the Properties made the basis of this Lawsuit. This request is limited to the past 5 years. To the extent Defendant contends that any document older than 5 years impact the damages or coverage, produce that document.

RESPONSE:

9.      Produce a copy of all price lists used to prepare any estimates for the claim made the basis of this Lawsuit. To the extent the pricelist is an unmodified pricelist from a third party, You can reference the vendor and version of the pricelist with a stipulation that it is unmodified.

RESPONSE:

10.     To the extent Defendant created or altered any prices used in the preparation of an estimate in the claim made the basis of this Lawsuit, produce all documents related to the creation or alteration of the price, including the original price for that item and the factual bases for the creation or alteration.

RESPONSE:

11.     A complete copy of the personnel file related to performance (excluding medical and retirement information) for all people and their managers and/or supervisors who directly handled the claim made the basis of this Lawsuit, including all documents relating to applications for employment, former and current resumes, last known address, job title, job descriptions, reviews, evaluations, and all drafts or versions of requested documents. This request is limited to the past 5 years.

RESPONSE:

12.     All organizational charts, diagrams, lists, and/or documents reflecting each department. Division or section of Defendant's company to which the claim made the basis of this Lawsuit was assigned.

RESPONSE:

13.     All Texas insurance licenses and/or certifications in effect that the time of the claims arising out of the storm made the basis of plaintiff's claim for all persons who worked on the claim made the basis of this Lawsuit, including any document relating to the application, issuance or review of those licenses and/or certifications.

RESPONSE:

14.   If an engineer and/or engineering firm evaluated the Properties, produce all reports written at the request of Defendant by that engineer or engineering firm within the last 3 years. This request is limited to the extent that the engineer and/or engineering firm was used during claims handling.

RESPONSE:

15.   Produce all documents showing amounts billed and paid to any engineer and/or engineering firm identified in response to Request for Production No. 14 above within the last 3 years. A summary is acceptable in lieu of actual invoices or payments.

RESPONSE:

16.   All documents reflecting the pre-anticipation of litigation reserve(s) set on the claim made the basis of this Lawsuit, including any changes to the reserve(s) along with any supporting documentation.

RESPONSE:

17.   All documents relating to issues of honesty, criminal actions. past criminal record, criminal conduct, fraud investigation and/or inappropriate behavior which resulted in disciplinary action by Defendant of any person(s) or entity(ies) who handled the claim made the basis of this Lawsuit, the Plaintiff(s) or any person assisting on the claim made the basis of this Lawsuit.

RESPONSE:

18.   All documents relating to work performance, claims patterns, claims problems, commendations, claims trends, claims recognitions, and/or concerns for any person who handled the claim made the basis of this Lawsuit.

RESPONSE:

19.   All XactAnalysis reports that include this claim in any way, this Policy, the amount paid on this Policy and/or referencing any person who handled the claim made the basis of this Lawsuit.

RESPONSE:

20.   Any email or document that transmits, discusses, or analyzes any report produced in response to Request for Production No. 19 above.

RESPONSE:

21.   All Simsol Management reports that include this claim in any way, this Policy, the amount paid on this Policy and/or referencing any person who handled the claim made the basis of this Lawsuit.

RESPONSE:

22.   Any email or document that transmits, discusses, or analyzes any report produced in response lo Request for Production No. 21 above.

RESPONSE:

23.   For any consulting expert whose mental impressions or opinions have been reviewed by a testifying expert, all documents or tangible things that have been provided to, reviewed by, or prepared for any testifying expert.

RESPONSE:

24.   Pursuant to Texas Rule of Evidence 609(1), provide all documents evidencing conviction of a crime which You intend to use as evidence to impeach any party or witness.

RESPONSE:

25   All indemnity agreements in effect at the time of Plaintiff's claim between Defendant and any person(s) and/or entity(ies) who handled the claim made the basis of the Lawsuit.

RESPONSE:

26.   All contracts in effect at the time of Plaintiff's claim between Defendant and any person(s) and/or entity(ies) who handled the claim made the basis of the Lawsuit.

RESPONSE:

27.   All confidentiality agreements and/or instructions regarding confidentiality in effect at the time of Plaintiff's claim between Defendant and any person(s) and/or entity(ies) who the claim made the basis of the Lawsuit.

RESPONSE:

28.   All documents between Defendant and any person(s) and/or entity(ies) who handled the claim made the basis of the Lawsuit regarding document retention policy in effect at the time of Plaintiff's claim.

RESPONSE:

29.   To the extent the claim involves rescinding of the policy, all documents regarding Defendant's standards for investigating and rescinding and/or voiding a policy.

RESPONSE:

22

30.   If a claim for business interruption, loss or income and/or business loss is asserted, all documents used to instruct, advise, guide, inform, educate, or assist provided to any person or defendant(s) in calculating and/or evaluating any extra expenses incurred during the period of business interruption loss of income and/or business loss covered under Plaintiff's policy. This request is limited to the last 3 years.

RESPONSE:

31.   If a claim for business interruption, loss of income and/or business loss is asserted, all documents prepared by any third party used to evaluate Plaintiff's claim(s) regarding, in any way, the investigation of business interruption, loss of income and/or business loss claims.

RESPONSE:

32.   All claims handling manuals and/or guidelines that were in effect during Traveler's investigation of Plaintiff's claim.  This request is limited to manuals or guidelines related to wind/hail claims, First Party claims, and/or structural business claims.

RESPONSE:

## INTERROGATORIES TO DEFENDANT STEPHEN WAYNE ANGELONE

1.     Identify all email accounts, email addresses, and/or any alias or code used to identify You and used for any communication relating to Your work handling hail and/or windstorm claims arising out of the storm at issue. This request is limited only to the carrier of the claim that is the subject of this Lawsuit.

RESPONSE:

2.     Identify generally the training or experience You had in adjusting hail and/or windstorm damage and any specific training You had for this storm prior to Your handling of claim made the basis of this Lawsuit.

RESPONSE:

3.     Identify any degrees, Texas insurance licenses (unless You qualified for adjusting claims in Texas on an emergency basis, then list any insurance licenses You held from other states) or certifications You had at the time You handled the claim made the basis of this Lawsuit.

RESPONSE:

4.     Explain how You are compensated and by whom for Your work on claims arising out of the storm at issue in this Lawsuit, stating the amount You were compensated per claim, per day, and/or per week and identifying any bonus or incentive plans. To the extent the produced personnel file includes a compensation schedule, You may refer to such personnel file.

RESPONSE:

5.     Identify the following dates:

   a.     The date You first obtained an adjuster license in the State of Texas;

   b.     The first date You were hired/retained by the insurance company defendant or any other defendant in this Lawsuit to adjust property damage claims;

   c.     The date You were first assigned to handle claims arising from the storm at issue in this Lawsuit;

   d.     The date You closed Your file on the claim made the basis of this Lawsuit; and

RESPONSE:

6.  Describe in detail each inspection You conducted of the Properties made the basis of this Lawsuit, identifying:

    a.  The name and job title of any person who inspected the Properties with You;

    b.  The date of each inspection;

    c.  The purpose of each inspection;

    d.  The length of time of each inspection;

    e.  The equipment or tools used during each inspection;

    f.  The areas of the Properties inspected (i.e. roof, attic, individual rooms, exterior); and

    g.  Any documents generated during or as a result of each inspection, including the persons and/or entities in possession of those documents.

RESPONSE:

7.  Following the inspection(s), did You engage in any additional communications (e.g., telephone, in person. written communication) with Plaintiff? If yes, provide the following information:

    a.  the date of such communication(s);

    b.  the manner of such communication(s);

    c.  the person to whom You communicated;

    d.  the reason for the communication(s);

    e.  for any telephonic communication(s), identify who initiated the phone call, and the telephone number from which You called or on which You received the call; and

    f.  the general substance of the communication.

RESPONSE:

8.  Identify and describe all damage You observed during Your inspection(s) of the claim made the basis of this Lawsuit. To the extent the damage You observed during Your inspection is reflected in scope notes and photographs, You can refer Plaintiff to such scope notes and/or photographs.

RESPONSE:

9.   For all damage observed at the Properties or reflected in Your scope notes and/or photographs, state what Your believe to be the cause of the damage, describing the investigatory steps You took to determine the cause, and identify all person(s) and/or entity(ies) that provided information or participated in that determination.

RESPONSE:

10.   To the extent You applied or recommended policy exclusions, identify all exclusions under the Policy applied to the claim made the basis of this Lawsuit, and for each exclusion applied or recommended, state the factual reason(s) that the exclusion was applied or recommended.

RESPONSE:

11.   Identify the information You used to determine and how You calculated the amount of depreciation that You applied to any damage categories included in any estimates You prepared and/or approved on the claim made the basis of this Lawsuit.

RESPONSE:

12.   How did You determine whether You would or would not apply overhead and profit (O&P) to Plaintiff's claim?

RESPONSE:

13.   Identify all documents that You relied upon in the adjustment of the claim made the basis of this Lawsuit. For each document, identify who provided the document.

RESPONSE:

14.   Identify all documents or information You requested from Plaintiff during the investigation of the claim made the basis of this Lawsuit, the date the request was made, the person who communicated the request, and the agent and/or employee of Plaintiff who received the request.

RESPONSE:

15.   Identify all documents or items in Your possession related to the claim made the basis of this Lawsuit that You did not submit to the insurance company and/or adjusting company assigned to this claim.

RESPONSE:

16.   To the extent You are aware, identify all documents or items that were altered, revised, changed or removed from the documents or information You provided the insurance company or adjusting company relating to the claim made the basis of this Lawsuit.

RESPONSE:

17.    Identify and describe any training, guidance or instruction provided to You by any person and/or entity regarding the handling of claims arising out of the storm at issue in this Lawsuit.

RESPONSE:

## REQUESTS FOR PRODUCTION TO DEFENDANT STEPHEN WAYNE ANGELONE

1.    All documents related to Plaintiff, the Properties, the Policy, and/or the claim made the basis of this Lawsuit.

RESPONSE:

2.    All licenses or certifications that are identified in response to Interrogatory Number 3.

RESPONSE:

3.    All training documents You have for adjusting hail and/or windstorm claims. This request is limited to the past 2 years.

RESPONSE:

4.    All applications You submitted (or submitted on Your behalf) for purposes of obtaining a license to adjust claims in the State of Texas that were in effect at the time you investigated Plaintiff's claim.

RESPONSE:

5.    All resumes for the last 5 years.

RESPONSE:

6.    All applications for employment You submitted for purposes of obtaining employment as an adjuster and/or claims handler in the State of Texas. This request is limited to the 5 years preceding the date of loss at issue in this Lawsuit.

RESPONSE:

7.    All documents You relied upon in the adjustment of the claim made the basis of this Lawsuit.

RESPONSE:

8.    To the extent You made a determination or recommendation regarding depreciation, all documents relating to the application of depreciation on a commercial property claim in the State of Texas for the past 2 years.

RESPONSE:

9.    To the extent You made a determination or recommendation regarding overhead and profit, all documents relating to the application of overhead and profit on a commercial property claim in the State of Texas for the past 2 years.

RESPONSE:

10.     All documents or items in Your possession related to the claim made the basis of this
        Lawsuit that You did not submit to the insurance company and/or adjusting company
        assigned to this claim.

RESPONSE:

11.     All documents meant to instruct, advise, or guide the handling or adjusting hail and/or
        windstorm claims in the State of Texas for the last 2 years.

RESPONSE:

12.     All training manuals in effect at the time of Plaintiff's claim used for software programs
        utilized in the claim made the basis of this Lawsuit.

RESPONSE:

13.     All documents relating to any performance reviews or evaluations by the carrier of the
        underlying claim, whether formal or informal, regarding Your handling of claims arising
        out of the storm at issue in this Lawsuit.

RESPONSE:

14.     All documents relating to any Texas Department of Insurance complaints made against
        You by an insured related to claims arising out of the storm at issue in this Lawsuit.

RESPONSE:

15.     All contracts, indemnity agreements, and/or confidentiality agreements between You and
        the adjusting company and/or insurance company in effect during the handling of claims
        arising out of the storm at issue in this Lawsuit.

RESPONSE:

16.     All price lists used by You in handling claims arising out of the storm at issue in this
        Lawsuit. To the extent the pricelist is an unmodified pricelist from a third party, You can
        reference the vendor and version of the pricelist with a stipulation that it is unmodified.

RESPONSE:

17.     All weather reports regarding wind and/or hail relied upon by You in handling claims
        arising out of the storm at issue in this Lawsuit.

RESPONSE:

29

18.     All correspondence to or from the adjusting company and/or the insurance company that issued the policy regarding modifying/modifications to the unit price cost and the price list You used in handling Plaintiff's claim.

RESPONSE:

19.     If a claim for business interruption, loss of income and/or business loss is asserted, all documents used to instruct, advise, guide, inform, educate, or assist provided to any person or defendant(s) in calculating and/or evaluating business interruption, loss of income and/or business loss damages covered under Plaintiff's policy. This request is limited to the last 3 years.

RESPONSE:

20.     If a claim for business interruption, loss of income and/or business loss is asserted, all documents used to instruct, advise, guide, inform, educate, or assist provided to any person or defendant(s) in calculating and/or evaluating any extra expenses incurred during the period of business interruption, loss of income and/or business loss covered under Plaintiff's policy. This request is limited to the last 3 years.

RESPONSE:

21.     If a claim for business interruption, loss of income and/or business loss is asserted, all documents prepared by any third party used to evaluate Plaintiff's claim(s) in the last 3 years regarding, in any way, the investigation of business interruption, loss of income and/or business loss claims.

RESPONSE:

## INTERROGATORIES TO DEFENDANT JASON SPRADLIN

1.  Identify all email accounts, email addresses, and/or any alias or code used to identify You and used for any communication relating to Your work handling hail and/or windstorm claims arising out of the storm at issue. This request is limited only to the carrier of the claim that is the subject of this Lawsuit.

RESPONSE:

2.  Identify generally the training or experience You had in adjusting hail and/or windstorm damage and any specific training You had for this storm prior to Your handling of claim made the basis of this Lawsuit.

RESPONSE:

3.  Identify any degrees, Texas insurance licenses (unless You qualified for adjusting claims in Texas on an emergency basis, then list any insurance licenses You held from other states) or certifications You had at the time You handled the claim made the basis of this Lawsuit.

RESPONSE:

4.  Explain how You are compensated and by whom for Your work on claims arising out of the storm at issue in this Lawsuit, stating the amount You were compensated per claim, per day, and/or per week and identifying any bonus or incentive plans. To the extent the produced personnel file includes a compensation schedule, You may refer to such personnel file.

RESPONSE:

5.  Identify the following dates:

    a.  The date You first obtained an adjuster license in the State of Texas;

    b.  The first date You were hired/retained by the insurance company defendant or any other defendant in this Lawsuit to adjust property damage claims;

    c.  The date You were first assigned to handle claims arising from the storm at issue in this Lawsuit;

    d.  The date You closed Your file on the claim made the basis of this Lawsuit; and

RESPONSE:

31

6.    Describe in detail each inspection You conducted of the Properties made the basis of this Lawsuit, identifying:

    a.    The name and job title of any person who inspected the Properties with You;

    b.    The date of each inspection;

    c.    The purpose of each inspection;

    d.    The length of time of each inspection;

    e.    The equipment or tools used during each inspection;

    f.    The areas of the Properties inspected (i.e. roof, attic, individual rooms, exterior); and

    g.    Any documents generated during or as a result of each inspection, including the persons and/or entities in possession of those documents.

RESPONSE:

7.    Following the inspection(s), did You engage in any additional communications (e.g., telephone, in person. written communication) with Plaintiff? If yes, provide the following information:

    a.    the date of such communication(s);

    b.    the manner of such communication(s);

    c.    the person to whom You communicated;

    d.    the reason for the communication(s);

    e.    for any telephonic communication(s), identify who initiated the phone call, and the telephone number from which You called or on which You received the call; and

    f.    the general substance of the communication.

RESPONSE:

8.    Identify and describe all damage You observed during Your inspection(s) of the claim made the basis of this Lawsuit. To the extent the damage You observed during Your inspection is reflected in scope notes and photographs, You can refer Plaintiff to such scope notes and/or photographs.

RESPONSE:

32

9.    For all damage observed at the Properties or reflected in Your scope notes and/or photographs, state what Your believe to be the cause of the damage, describing the investigatory steps You took to determine the cause, and identify all person(s) and/or entity(ies) that provided information or participated in that determination.

RESPONSE:

10.   To the extent You applied or recommended policy exclusions, identify all exclusions under the Policy applied to the claim made the basis of this Lawsuit, and for each exclusion applied or recommended, state the factual reason(s) that the exclusion was applied or recommended.

RESPONSE:

11.   Identify the information You used to determine and how You calculated the amount of depreciation that You applied to any damage categories included in any estimates You prepared and/or approved on the claim made the basis of this Lawsuit.

RESPONSE:

12.   How did You determine whether You would or would not apply overhead and profit (O&P) to Plaintiff's claim?

RESPONSE:

13.   Identify all documents that You relied upon in the adjustment of the claim made the basis of this Lawsuit. For each document, identify who provided the document.

RESPONSE:

14.   Identify all documents or information You requested from Plaintiff during the investigation of the claim made the basis of this Lawsuit, the date the request was made, the person who communicated the request, and the agent and/or employee of Plaintiff who received the request.

RESPONSE:

15.   Identify all documents or items in Your possession related to the claim made the basis of this Lawsuit that You did not submit to the insurance company and/or adjusting company assigned to this claim.

RESPONSE:

16.   To the extent You are aware, identify all documents or items that were altered, revised, changed or removed from the documents or information You provided the insurance company or adjusting company relating to the claim made the basis of this Lawsuit.

RESPONSE:

17.   Identify and describe any training, guidance or instruction provided to You by any person and/or entity regarding the handling of claims arising out of the storm at issue in this Lawsuit.

RESPONSE:

### REQUESTS FOR PRODUCTION TO DEFENDANT JASON SPRADLIN

1.   All documents related to Plaintiff, the Properties, the Policy, and/or the claim made the basis of this Lawsuit.

RESPONSE:

2.   All licenses or certifications that are identified in response to Interrogatory Number 3.

RESPONSE:

3.   All training documents You have for adjusting hail and/or windstorm claims. This request is limited to the past 2 years.

RESPONSE:

4.   All applications You submitted (or submitted on Your behalf) for purposes of obtaining a license to adjust claims in the State of Texas that were in effect at the time you investigated Plaintiff's claim.

RESPONSE:

5.   All resumes for the last 5 years.

RESPONSE:

6.   All applications for employment You submitted for purposes of obtaining employment as an adjuster and/or claims handler in the State of Texas. This request is limited to the 5 years preceding the date of loss at issue in this Lawsuit.

RESPONSE:

7.   All documents You relied upon in the adjustment of the claim made the basis of this Lawsuit.

RESPONSE:

8.   To the extent You made a determination or recommendation regarding depreciation, all documents relating to the application of depreciation on a commercial property claim in the State of Texas for the past 2 years.

RESPONSE:

9.   To the extent You made a determination or recommendation regarding overhead and profit, all documents relating to the application of overhead and profit on a commercial property claim in the State of Texas for the past 2 years.

RESPONSE:

10. All documents or items in Your possession related to the claim made the basis of this Lawsuit that You did not submit to the insurance company and/or adjusting company assigned to this claim.

RESPONSE:

11. All documents meant to instruct, advise, or guide the handling or adjusting hail and/or windstorm claims in the State of Texas for the last 2 years.

RESPONSE:

12. All training manuals in effect at the time of Plaintiff's claim used for software programs utilized in the claim made the basis of this Lawsuit.

RESPONSE:

13. All documents relating to any performance reviews or evaluations by the carrier of the underlying claim, whether formal or informal, regarding Your handling of claims arising out of the storm at issue in this Lawsuit.

RESPONSE:

14. All documents relating to any Texas Department of Insurance complaints made against You by an insured related to claims arising out of the storm at issue in this Lawsuit.

RESPONSE:

15. All contracts, indemnity agreements, and/or confidentiality agreements between You and the adjusting company and/or insurance company in effect during the handling of claims arising out of the storm at issue in this Lawsuit.

RESPONSE:

16. All price lists used by You in handling claims arising out of the storm at issue in this Lawsuit. To the extent the pricelist is an unmodified pricelist from a third party, You can reference the vendor and version of the pricelist with a stipulation that it is unmodified.

RESPONSE:

17. All weather reports regarding wind and/or hail relied upon by You in handling claims arising out of the storm at issue in this Lawsuit.

RESPONSE:

18.   All correspondence to or from the adjusting company and/or the insurance company that issued the policy regarding modifying/modifications to the unit price cost and the price list You used in handling Plaintiff's claim.

RESPONSE:

19.   If a claim for business interruption, loss of income and/or business loss is asserted, all documents used to instruct, advise, guide, inform, educate, or assist provided to any person or defendant(s) in calculating and/or evaluating business interruption, loss of income and/or business loss damages covered under Plaintiff's policy. This request is limited to the last 3 years.

RESPONSE:

20.   If a claim for business interruption, loss of income and/or business loss is asserted, all documents used to instruct, advise, guide, inform, educate, or assist provided to any person or defendant(s) in calculating and/or evaluating any extra expenses incurred during the period of business interruption, loss of income and/or business loss covered under Plaintiff's policy. This request is limited to the last 3 years.

RESPONSE:

21.   If a claim for business interruption, loss of income and/or business loss is asserted, all documents prepared by any third party used to evaluate Plaintiff's claim(s) in the last 3 years regarding, in any way, the investigation of business interruption, loss of income and/or business loss claims.

RESPONSE:

# Exhibit E-2

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:

**JASON SPRADLIN**
**332 FOREST GROVE DRIVE**
**RICHARDSON TX 75080**

GREETINGS:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **14th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **STONE-TEC INC**

Filed in said Court **24th day of February, 2016** against

**THE TRAVELERS LLOYDS INSURANCE COMPANY ETAL**

For Suit, said suit being numbered **DC-16-02170**, the nature of which demand is as follows:
Suit on **INSURANCE** etc. as shown on said petition **REQ FOR PRODUCTION AND INTERROGATORIES** , a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 1st day of March, 2016.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas.

By: _____
DIANNE COFFEY

---

CERT MAIL

# CITATION

## DC-16-02170

**STONE-TEC INC**
vs.
**THE TRAVELERS LLOYDS INSURANCE COMPANY ET AL.**

ISSUED THIS
1st day of March, 2016

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: DIANNE COFFEY, Deputy

**Attorney for Plaintiff**
MATTHEW J WORRALL
THE POTTS LAW FIRM
100 WAUGH SUITE 350
HOUSTON TX 77007
713-963-8881

DALLAS COUNTY CONSTABLE
FEES PAID
FEES NOT PAID

# OFFICER'S RETURN

Case No.: DC-16-02170

Court No. 14th District Court

Style: STONE-TEC INC

vs.

**THE TRAVELERS LLOYDS INSURANCE COMPANY ET AL**

Came to hand on the _____ **1st** _____ day of _____ **March** _____, 20 **16** at **11:25** o'clock **A** M. Executed at **3332 Forest Grove Drive** within the County of _____ at _____ o'clock _____ M. on the **4th** day of **March** **Richardson**

20 **16** by delivering to the within named

**JASON Spradlin**

each, **BY U S CERTIFIED MAIL, RETURN RECEIPT REQUESTED, RESTRICTED DELIVERY,** a true copy of this Citation together with the accompanying copy of this

pleading, having first endorsed on same date of delivery.  The distance actually traveled by me in serving such process was _____ miles and my fees are as follows:  To

certify which witness my hand.

|  | For serving Citation | $ **76.00** | Signed By : Jason Spradlin |
|  | For mileage: | $ _____ | of _____ County |
|  | For Notary | $ _____ | By _____ |
|  |  | (Must be verified if served outside the State of Texas.) | Deputy **FELICIA PITRE** |

Signed and sworn to by the said _____ before me this _____ day of _____, 20 _____.

to certify which witness my hand and seal of office.

_____ Notary Public _____ County

**FILED**
**16 MAR 10 AM 10: 03**
FELICIA PITRE
DISTRICT CLERK
DALLAS CO. TEXAS
_____ DEPUTY

**DISTRICT CLERK**
**600 COMMERCE STREET**
**DALLAS, TEXAS 75202-4606**

9214-8901-0661-5400-0080-0080-3392-68

FELICIA PITRE
DISTRICT CLERK
GEORGE L ALLEN, SR. COURTS BLDG
600 COMMERCE ST STE 103
DALLAS, TX 75202-4689



Return Receipt (Electronic)

9214 8901 0661 5400 0060 8392 68

DC16-02170/DC
JASON SPRADLIN
332 FOREST GROVE DRIVE
RICHARDSON, TX 75080

---

CUT / FOLD HERE

---

6"X9" ENVELOPE
CUT / FOLD HERE

---

CUT / FOLD HERE

**UNITED STATES**
**POSTAL SERVICE.**

Date Produced: 03/07/2016

THE MAIL GROUP INC - 1 / CONFIRM DELIVERY INC:

The following is the delivery information for Certified Mail™/RRE item number 9214 8901 0661 5400 0080 8392 68. Our records indicate that this item was delivered on 03/04/2016 at 03:08 p.m. in RICHARDSON, TX 75080. The scanned image of the recipient information is provided below.

Signature of Recipient :

| Signature | X _(signature)_ |
| --- | --- |
| Printed Name | Jason S/holf,n |

Address of Recipient :

| Delivery Address | 332 Felest6/ou ɔ |
| --- | --- |

Thank you for selecting the Postal Service for your mailing needs.  If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

The customer reference information shown below is not validated or endorsed by the United States Postal Service.  It is solely for customer use.

DC16-02170/DC
JASON SPRADLIN
332 FOREST GROVE DRIVE
RICHARDSON, TX  75080-0000

Exhibit E-3

## FORM NO. 353-3 - CITATION
## THE STATE OF TEXAS

To:

STEPHEN WAYNE ANGELONE
PO BOX 660452
DALLAS TX 75266

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty  days after you were served this citation and petition, a default judgment may be taken against you.  Your answer should be addressed to the clerk of the **14th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **STONE-TEC INC**

Filed in said Court **24th day of February, 2016** against

**THE TRAVELERS LLOYDS INSURANCE COMPANY ETAL.**

For Suit, said suit being numbered **DC-16-02170**, the nature of which demand is as follows:
Suit on **INSURANCE** etc. as shown on said petition **REQ FOR PRODUCTION AND INTERROGATORIES** , a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 1st day of March, 2016.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By: _____
DIANNE COFFEY

---

# CITATION

## DC-16-02170

STONE-TEC INC
vs.
THE TRAVELERS LLOYDS
INSURANCE COMPANY
ET AL

ISSUED THIS
1st day of March, 2016

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: DIANNE COFFEY, Deputy

**Attorney for Plaintiff**
MATTHEW J WORRALL
THE POTTS LAW FIRM
100 WAUGH SUITE 350
HOUSTON TX 77007
713-963-8881

# OFFICER'S RETURN

Case No. : DC-16-02170

Court No.14th District Court

Style: STONE-TEC INC

vs.

THE TRAVELERS LLOYDS INSURANCE COMPANY ET AL.

Came to hand on the _____ 1st _____ day of _____ MARCH _____ 20 __16__ at __11:25__ o'clock __A__.M. Executed at __P.O.Box 66452__ __Dallas Tx__

within the County of _____ at _____ o'clock _____.M. on the _____ 7th _____ day of _____ March _____

20 __16__ _____ by delivering to the within named

__Stephen Wayne Angelone__ — signed by Willie G Johnson

each, BY U S CERTIFIED MAIL, RETURN RECEIPT REQUESTED, RESTRICTED DELIVERY, a true copy of this Citation together with the accompanying copy of this

pleading, having first endorsed on same date of delivery. The distance actually traveled by me in serving such process was _____ miles and my fees are as follows: To

certify which witness my hand.

For serving Citation    $ __76.00__    Signed by Willie G Johnson

For mileage    $ _____    of _____ County,

For Notary    $ _____    By __Claudia City__

(Must be verified if served outside the State of Texas.)    _____ Deputy

Signed and sworn to by the said

to certify which witness my hand and seal of office.

_____ before me this _____ day of _____, 20 _____.

_____ Notary Public

_____ County

FELICIA PITRE
DISTRICT CLERK
600 COMMERCE STREET
DALLAS, TEXAS 75202-4606

FILED
16 MAR 16 AM 7:16
FELICIA PITRE
DISTRICT CLERK
DALLAS CO. TEXAS
_____ DEPUTY

55-1838-0800-0466-5400-9901-8814-69

FELICIA PITRE
DISTRICT CLERK
GEORGE L ALLEN, SR. COURTS BLDG.
600 COMMERCE ST STE 103
DALLAS, TX 75202-4689



**Return Receipt (Electronic)**

9214 8901 0661 5400 0080 8381 55

**DC16-02170/DC**
STEPHEN WAYNE ANGELONE
PO BOX 660452
DALLAS, TX 75266

...... CUT / FOLD HERE ......

...... 6"X9" ENVELOPE
CUT / FOLD HERE ......

...... CUT / FOLD HERE ......

**UNITED STATES**
**POSTAL SERVICE.**

Date Produced: 03/14/2016

THE MAIL GROUP INC - 1 / CONFIRM DELIVERY INC:

The following is the delivery information for Certified Mail™/RRE item number 9214 8901 0661 5400 0080 8381 55. Our records indicate that this item was delivered on 03/07/2016 at 07:01 a.m. in DALLAS, TX 75260. The scanned image of the recipient information is provided below.

Signature of Recipient :



Willie G. Johnson

Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs.  If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

The customer reference information shown below is not validated or endorsed by the United States Postal Service.  It is solely for customer use.

DC16-02170/DC
STEPHEN WAYNE ANGELONE
PO BOX 660452
DALLAS, TX  75266-0000

# Exhibit E-4

## FORM NO. 353-3 - CITATION

## THE STATE OF TEXAS

To:

**THE TRAVELERS LLOYDS INSURANCE COMPANY
BY SERVING REGISTERED AGENT CORPORATION SERVICE COMPANY
211 EAST 27TH STREET SUITE 620
AUSTIN TX 78701**

GREETINGS:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **14th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **STONE-TEC INC**

Filed in said Court **24th day of February, 2016** against

**THE TRAVELERS LLOYDS INSURANCE COMPANY ETAL**

For Suit, said suit being numbered **DC-16-02170**, the nature of which demand is as follows:
Suit on **INSURANCE** etc. as shown on said petition **REQ FOR PRODUCTION AND INTERROGATORIES** , a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 1st day of March, 2016.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By _____
DIANNE COFFEY



---

CERT MAIL

# CITATION

## DC-16-02170

STONE-TEC INC
vs.
THE TRAVELERS LLOYDS
INSURANCE COMPANY
ET AL

ISSUED THIS
1st day of March, 2016

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: DIANNE COFFEY, Deputy

**Attorney for Plaintiff**
MATTHEW J WORRALL
THE POTTS LAW FIRM
100 WAUGH SUITE 350
HOUSTON TX 77007
713-963-8881

DALLAS COUNTY CONSTABLE
FEES PAID
FEES NOT PAID

**OFFICER'S RETURN**

Case No.: DC-16-02170

Court No.14th District Court

Style: STONE-TEC INC

vs.

**THE TRAVELERS LLOYDS INSURANCE COMPANY ET AL.**

Came to hand on the _____ 1st _____ day of _____ March _____ 20 __16__ at 11:25 o'clock A .M. Executed at Austin Tx.

within the County of _____ at _____ o'clock _____ .M. on the _____ 11th _____ day of _____ March

20 __16__ by delivering to the within named

The Travelers Lloyds Insurance Company By serving Reagt Corporation

Service Company — Segied By Chris SALTZAK        2.11 E. 27th St. 620

each, **BY U S CERTIFIED MAIL, RETURN RECEIPT REQUESTED,** a true copy of this Citation together with the accompanying copy of this pleading, having first

endorsed on same date of delivery. The distance actually traveled by me in serving such process was _____ miles and my fees are as follows:   To certify which witness my

hand.

For serving Citation      $76.00        Segied By: Chris SALTZAK

For mileage             $ _____        of _____ County,

For Notary             $ _____        By Aleman Cyty _____ Deputy

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said

to certify which witness my hand and seal of office.        _____ before me this _____ day of _____ , 20 _____ .

_____ Notary Public _____

_____ County

**FELICIA PITRE**
DISTRICT CLERK
600 COMMERCE STREET
DALLAS, TEXAS 75202-4606

FELICIA PITRE
DISTRICT CO. CLERK
DALLAS, TEXAS
BY _____ DEPUTY

16 MAR 14 AM 6:10
FILED

9218-8901-0661-5900 - 0080-8367-49

FELICIA PITRE
DISTRICT CLERK
GEORGE L ALLEN, SR. COURTS BLDG.
600 COMMERCE ST STE 103
DALLAS, TX 75202-4689



Return Receipt (Electronic)

9214 8901 0661 5400 0080 8367 48

DC16-02170/DC
CORPORATION SERVICE COMPANY, REGISTERED AGENT
THE TRAVELERS LLOYDS INSURANCE COMPANY
SUITE 620
211 EAST 27TH STREET
AUSTIN, TX 78701

CUT / FOLD HERE

6"X9" ENVELOPE
CUT / FOLD HERE

CUT / FOLD HERE

**UNITED STATES POSTAL SERVICE.**

Date: March 11, 2016

MAIL MAIL:

The following is in response to your March 11, 2016 request for delivery information on your Certified Mail™/RRE item number 92148901066154000080836748. The delivery record shows that this item was delivered on March 11, 2016 at 9:17 am in AUSTIN, TX 78744. The scanned image of the recipient information is provided below.

Signature of Recipient :

Chris Saizan

Address of Recipient :

211 E. 7th # 620

Thank you for selecting the Postal Service for your mailing needs.

If you require additional assistance, please contact your local Post Office or postal representative.

Sincerely,
United States Postal Service

The customer reference information shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

DC16-02170/DC
CORPORATION SERVICE COMPANY, REGISTERED AGENT
THE TRAVELERS LLOYDS INSURANCE COMPANY
SUITE 620
211 EAST 27TH STREET
AUSTIN, TX  78701-0000

# Exhibit E-5

DALLAS COUN
4/4/2016 9:16:51
FELICIA PIT
DISTRICT CLE

CAUSE NO. DC-16-02170

| | | |
|---|---|---|
| STONE-TEC, INC., | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | DALLAS COUNTY, TEXAS |
| THE TRAVELERS LLOYDS INSURANCE | § | |
| COMPANY, STEPHEN WAYNE | § | |
| ANGELONE, AND JASON SPRADLIN, | § | |
| | § | |
| Defendants. | § | 14TH JUDICIAL DISTRICT |

## DEFENDANTS' ANSWER TO PLAINTIFF'S ORIGINAL PETITION

Defendants The Travelers Lloyds Insurance Company ("Travelers"), Stephen Wayne Angelone, and Jason Spradlin (collectively, "Defendants") file this Answer to Plaintiff's Original Petition and state:

## GENERAL DENIAL

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendants generally deny each and every allegation contained in Plaintiff's Original Petition and demands strict proof thereof. By this general denial, Defendants further demand that Plaintiff prove every fact in support of its claim(s) for exemplary damages by clear and convincing evidence.

## SPECIAL DENIAL

Defendants specifically deny that Plaintiff has satisfied all conditions precedent to the recovery it seeks in this lawsuit.

Among other conditions precedent, to recover under Texas statute, Texas law, and/or the insurance policy under which Plaintiff seeks coverage in this matter (the "Policy"), Plaintiff must provide Travelers prompt notice of the loss or damage made the basis of its insurance claim and promptly provide Travelers all reasonably requested documentation and/or information

necessary for Travelers to investigate and evaluate such alleged losses and/or damages. Because Plaintiff failed to provide Travelers prompt notice of the purported property damage made the basis of its claim for coverage under the Policy, Plaintiff failed to satisfy this condition.

Plaintiff is further required to take all reasonable steps to protect covered property from further damage. Because the losses and/or damages made the basis of Plaintiff's insurance claim resulted from pre-event repairs, age-related deterioration, and/or improper maintenance, Plaintiff failed to satisfy this condition.

Plaintiff also failed to provide Defendants timely written notice of its statutory claims in this matter as expressly required by Section 17.505 of the Texas Business and Commerce Code and Section 541.154 of the Texas Insurance Code, thereby precluding Plaintiff from prevailing on any such claims.

Plaintiff further failed to properly present its claim for attorneys' fees under Section 38.001 of the Texas Civil Practice and Remedies Code, thereby precluding Plaintiff's recovery of any such fees.

Discovery in this matter is ongoing and Defendants reserve the right to assert that Plaintiff has failed to meet other conditions precedent set forth under the Policy, Texas statute, and or Texas law as this litigation.

## AFFIRMATIVE DEFENSES

Pursuant to Rule 94 of the Texas Rules of Civil Procedure, Defendants set forth the following affirmative defenses to the allegations set forth in Plaintiff's Original Petition:

1.      Plaintiff's claims are barred, in whole or in part, on the basis that Plaintiff's Original Petition fails to state a claim against Defendants upon which relief can be granted

2.      Plaintiff's claims are subject to all terms, conditions, limitations, exclusions, and deductibles contained in the Policy, including (without limitation) the Policy's provision(s) regarding prompt notice of claims.

3.      The amount recoverable for Plaintiff's claims is limited by the applicable limits and sub-limits set forth in the Policy.

4.      Plaintiff's claims are barred, in whole or in part, to the extent the claimed loss or damage did not occur during the applicable Policy period (as required by the Policy).

5.      Plaintiff's claims are barred, in whole or in part, to the extent the claimed loss or damage was not caused by or did not result from a covered cause of loss (as required by the Policy).

6.      Plaintiff's claims are barred, in whole or in part, by the Policy's exclusion for loss or damage caused by or resulting from wear and tear.

7.      Plaintiff's claims are barred, in whole or in part, by the Policy's exclusion for loss or damage caused by or resulting from rust, other corrosion, fungus, decay, hidden or latent defect, or any quality in property that causes it to damage or destroy itself.

8.      Plaintiff's claims are barred, in whole or in part, by the Policy's exclusion(s) and/or limitation(s) for loss or damage caused by or resulting from fungus, wet rot, or dry rot.

9.      Plaintiff's claims are barred, in whole or in part, by the Policy's exclusion for loss or damage caused by or resulting from continuous or repeated seepage or leakage of water, or the presence or condensation of humidity, moisture or vapor that occurs over a period of 14 days or more.

10.     Plaintiff's claims are barred in whole or in part by the Policy's exclusion for faulty, inadequate or defective: design, specifications, workmanship, repair, construction,

renovation, remodeling, grading, compaction; materials used in repair, construction, renovation or remodeling, or maintenance.

11.    Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure and/or neglect to use all reasonable means to save and preserve the property from further damage at and after the time of alleged loss.

12.    Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to take all reasonable steps to mitigate, minimize, or avoid the damages allegedly sustained. Plaintiff's recovery under the Policy and Texas law, if any, must be offset and reduced accordingly.

13.    Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff and/or its agents' acts or omissions proximately caused or contributed to Plaintiff's alleged injuries.

14.    Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff's alleged injuries were proximately caused, in whole or in part, by the acts or omissions of third parties.

15.    Plaintiff's claim for coverage under the Policy has been fully adjusted and payment tendered in accordance with the terms of the Policy. Plaintiff's claims are thus barred, in whole or in part, to the extent of Travelers' prior payment(s) under the Policy, and Plaintiff's recovery under the Policy and Texas law, if any, must be offset and reduced accordingly.

16.    Plaintiff's claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

17.    Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches, estoppel, waiver, and unclean hands.

18.    A *bona fide* controversy exists concerning the extent of Plaintiff's entitlement to benefits under the Policy. Travelers is entitled to value claims differently from its policyholders

without facing bad-faith or extra-contractual liability. Travelers would show that a *bona fide* controversy exists regarding (a) the extent of coverage for Plaintiff's insurance claim, (b) the scope of any alleged covered loss or damage, and/or (c) the extent to which any asserted loss or damage was the result of a covered occurrence to covered property during the applicable Policy period. This *bona fide* dispute precludes Plaintiff's statutory and common law causes of action against Travelers, including any claims of purported bad faith or extra-contractual liability.

19.     To the extent Plaintiff has asserted claims against Travelers under the Texas Insurance Code, those claims are barred by Section 541.153, and this Court should award Travelers court costs and reasonable and necessary attorneys' fees because any such claims are groundless and brought in bad faith or for the purpose of harassment.

20.     Plaintiff's claim for punitive or exemplary damages is unconstitutional and violates the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and of Article 1, Section 19 of the Texas Constitution for the following reasons: (a) the standards under which such claims are submitted are so vague as to be effectively meaningless and threaten a deprivation of property for the benefit of society without the protection of fundamentally fair procedures; (b) the highly penal nature of punitive damages threatens the possibility of excessive punishment and almost limitless liability without the benefit of fundamentally fair procedures or any statutory limitations; (c) the introduction of evidence of Defendants' financial worth is so prejudicial as to impose liability and punishment in a manner bearing no relation to the extent of any injury allegedly inflicted or to any benefit to Defendants from any alleged wrongdoing and, therefore, any verdict would be the result of bias and prejudice in a fundamentally unfair manner.

21.     Plaintiff's claim for punitive or exemplary damages constitutes an unconstitutional excessive fine under Article 1, Section 13 of the Texas Constitution because such highly penal sanctions may be imposed under standards so vague and effectively meaningless as to threaten unlimited punishment bearing no relation to the extent of any injury allegedly inflicted at the unbridled discretion of the jury.

22.     Defendants reserve the right to assert additional defenses with respect to Plaintiff's claims as additional information becomes available and/or as this litigation proceeds.

## SPECIAL EXCEPTION

Travelers specially excepts to Plaintiff's Original Petition because Plaintiff has failed to specify the maximum amount of damages it seeks pursuant to Texas Rule of Civil Procedure 47. Travelers thus requests that the Court sustain this special exception and order: (a) Plaintiff to amend its Original Petition on or before ten (10) days after the hearing on this special exception to identify the maximum amount of damages claimed pursuant to Texas Rule of Civil Procedure 147; and (b) that if Plaintiff fails or refuses to amend, the action against Travelers be dismissed.

## PRAYER

Defendants pray that Plaintiff's claims for relief be denied in their entirety, Plaintiff take nothing by way of this lawsuit, and Defendants be granted such other and further relief to which they may be justly entitled.

Respectfully submitted,

ZELLE LLP


By:_____/s/ James W. Holbrook, III_____
      James W. Holbrook, III
      Texas Bar No. 24032426
      jholbrook@zelle.com
      Jennifer L. Gibbs
      Texas Bar No. 24050656
      jgibbs@zelle.com
      Tyler J. McGuire
      Texas Bar No. 24098080
      tmcguire@zelle.com

901 Main Street, Suite 4000
Dallas, Texas 75202-3975
Telephone:    214-742-3000
Facsimile:    214-760-8994

**COUNSEL FOR DEFENDANTS**


**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing Defendants' Answer to Plaintiff's Original Petition was served on all counsel of record on April 4, 2016.

Matthew J. Worrall
mworrall@potts-law.com
William H. Barfield
wbarfield@potts-law.com
THE POTTS LAW FIRM, LLP
100 Waugh Drive, Suite 350
Houston, Texas 77007
Telephone:  (713) 963-8881
Facsimile:  (713) 574-2938


_____/s/ James W. Holbrook, III_____
      James W. Holbrook, III