**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| STONE-TEC, INC. | § | |
| | § | |
| *Plaintiff,* | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 3:16-CV-00995 |
| | § | |
| THE TRAVELERS LLOYDS INSURANCE | § | |
| COMPANY,  STEPHEN  WAYNE | § | |
| ANGELONE AND JASON SPRADLIN | § | |
| | § | |
| *Defendant* | | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Plaintiff, STONE-TEC, INC., (hereinafter, referred to as Plaintiff), and

files this, its First Amended Complaint, and for causes of action against Defendants, THE

TRAVELERS  LLOYDS  INSURANCE  COMPANY  ("Travelers"),  STEPHEN  WAYNE

ANGELONE ("Angelone") and JASON SPRADLIN ("Spradlin") (collectively "Defendants")

would show unto the Court and the jury the following:

## A.  DISCOVERY CONTROL PLAN

1.      Plaintiff intends to conduct discovery under Level 2 of Texas Rules of Civil Procedure 190.

## B.      PARTIES AND SERVICE OF PROCESS

2.      Plaintiff, STONE-TEC, INC., is a Texas Corporation and owns the property that is the

subject of this lawsuit.  The Plaintiff's principal office is situated in Dallas County, Texas.

3.      The Defendant, THE TRAVELERS LLOYDS INSURANCE COMPANY, is an insurance

company engaging in the business of insurance in Texas.  This defendant may be served by serving

its Registered Agent for service of process: Corporation Service Company, 211 East 27th Street, Suite 620, Austin, Texas 78701.

4.     The Defendant, STEPHEN WAYNE ANGELONE, is an individual residing in and domiciled in the State of Texas.  This defendant may be served via certified mail, return receipt requested at PO Box 660452, Dallas, Texas 75266.

5.     The Defendant, JASON SPRADLIN, is an individual residing in and domiciled in the State of Texas.  This defendant may be served via certified mail, return receipt requested at 332 Forest Grove Drive, Richardson, Texas 75080.

### C.     VENUE & JURISDICTION

6.     The Court has jurisdiction over this controversy because the damages are within the jurisdictional limits of this court.  Plaintiff is seeking monetary relief over $1,000,000.00.  Plaintiff reserves the right to amend this petition during and/or after the discovery process.

7.     The Court has jurisdiction over Defendant, Travelers, because this defendant engaged in the business of insurance in the State of Texas, and Plaintiff's causes of action arise out of defendant's business activities in the State of Texas.

8.     The Court has jurisdiction over Defendant, Angelone, because this defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiff's causes of action arise out of defendant's business activities in the State of Texas.

9.     The Court has jurisdiction over Defendant, Spradlin, because this defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiff's causes of action arise out of defendant's business activities in the State of Texas.

### D.      FACTS

10.      Before May 29, 2015, Travelers sold a commercial property policy (the "Policy") to Plaintiff whereby Travelers would provide wind and hail insurance coverage for the property located at 2929 W. Kingsley Road, Garland, Texas 75041 (the "Property) in exchange for the timely payment of premiums. The Policy was sold by Travelers to Plaintiff as the insured under the Policy and provides coverage for damages to the Property caused by wind and hail.

11.      The Policy is subject to the applicable state law to be determined by the court of competent jurisdiction.  The Policy Coverage is provided by Travelers.  The Policy was executed, negotiated, and performed in Dallas County, Texas.  All claim disputes under the Policy are handled through the Texas Department of Insurance.

12.      During the Policy period on or about May 29 and/or 30, 2015, there was a wind and hail storm in Garland (the "Storm") which resulted in substantial damage to the Property and throughout the area.  As a result, the exterior, roof, interior, HVAC, and other structures were damaged by wind and hail.  The roof damage was so substantial that the roof began to severely leak in multiple locations throughout the entire roofing system.  Upon discovering the damage, Plaintiff promptly filed an insurance claim under the Policy with Travelers for damages to the property caused by the storm.  Plaintiff asked that the cost of replacement be covered pursuant to the Policy.

13.      Travelers assigned adjusters and agents to Plaintiff's file that were inadequate and improperly trained.  Specifically, Travelers assigned the claim to its internal adjusters, Stephen Wayne Angelone and Jason Spradlin.  Angelone and Spradlin were assigned as the adjusters with decision-making authority over Plaintiff's claim.  Angelone and Spradlin conducted unreasonable

and inadequate investigations of Plaintiff's claim, which resulted in a wrongful denial and undervalued wind and hail damage to the roofs, interior, HVAC, and other structure.

14.     Stephen Angelone was the first Travelers adjuster assigned to adjust Stone-Tec's claim. Angelone assigned Roof Technical Services Inc. to inspect the property.  Roof Technical Services inspected the property on June 24, 2015 and provided Travelers with a report of damages on July 30, 2015.  After Stone-Tec made numerous requests for a claim decision, Stephen Angelone finally sent Stone-Tec his estimate for repairs on August 24, 2015, but chose to withhold Roof Technical Services' report.  Stephen Angelone created his estimate of damages without ever inspecting the property himself.

15.     Stephen Angelone and Travelers failed to affirm or deny coverage within a reasonable time.  Stephen Angelone and Travelers did not affirm or deny coverage for approximately four months after the claim was made and three months after Roof Technical Services provided Travelers and Angelone with a report of its findings.  At no point in time did Angelone or Travelers actually inspect the damaged property and conduct a reasonable investigation of the claim. Moreover, Stephen Angelone's estimate misrepresented the date of loss to be April 13, 2007 and failed to adequately explain his reasoning for partial replacement.  His estimate only contained pricing for some minor repairs and did not contain any explanation why full replacement was not required.

16.     Stephen Angelone and Travelers failed to promptly provide Stone-Tec a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for Angelone's denial of claim or offer of a compromise settlement of claim.  Stephen Angelone's estimate included pricing to apply coating to one built up roofing system and for partial repairs to a metal roofing system, but contained no explanation for the decision or explanation of coverage under the

Policy.  Angelone offered no explanation of why the roof systems did not require full replacement. Stone-Tec's Property contains nine different roofing systems all of which were damaged and require full replacement.  Stephen Angelone's estimate only addressed two of the nine roofing systems and offered no explanation why the damage is not covered under the policy.  Additionally, Angelone offered no explanation why the built up roofing system and metal system did not require full replacement under a replacement cost value policy.  In fact, Travelers, Angelone, and Spradlin failed to cite a single policy provisions in any of its correspondence to Plaintiff.

17.    On October 29, 2015, Stone-Tec sent Travelers and Angelone a letter disputing the claim and expressing their concerns with the estimate and the claims handling process.  The letter requested another property inspection and a copy of Roof Technical Services Report of damages since Travelers and Angelone decided to withhold the vital information.  Stone-Tec finally received Roof Technical Services report after five more days of requests.

18.    After Stone-Tec finally received Roof Technical Services' report, Stone-Tec realized that Angelone and Travelers knew liability was reasonably clear on July 30, 2015 when Travelers and Angelone received the report.  The report admitted to hail and wind damage to the Property.  For example, the Roof Technical Services' report contains photos with a photo description stating, "asphalt chipping from hail."  However, Travelers and Angelone waited approximately three more months to make a claim decision for only partial payment, and still have not made a full and final payment to Plaintiff for the covered damages to the roof systems.

19.    On November 3, 2015 Jason Spradlin sent Stone-Tec an email that he was taking over adjustment of the claim on behalf of Travelers.  On November 23, 2015, Jason Spradlin sent an email to Stone-Tec with his revised estimate and stated, "Please see the attached revised estimate which reflects the agreed upon amount for temporary repairs with Pillar Construction and the

settlement letter…" Jason Spradlin's attached estimate merely cut and paste Angelone's estimate with the addition of $5,511.43 for temporary repairs that were made by Stone-Tec. However, the estimate failed to promptly provide Stone-Tec a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for Angelone's denial of claim. The estimate was merely a dollar amount for some repairs to a small portion of the roof system. The correspondence contained no explanation why the damage did not warrant full replacement under the Policy. Furthermore, this correspondence misrepresented that Mr. Spradlin's amount of damages were ever "agreed upon." Spradlin never provided his own report of damages or pictures. Spradlin never inspected the property himself.

20.     Unsatisfied with the Angelone, Spradlin, and Travelers' underpayment and failure to explain the policy, Stone-Tec and its representatives attempted to contact Travelers multiple times after receiving Spradlin's estimate of damages. However, Stone-Tec and its representatives were unsuccessful in receiving a return phone call or explanation of coverage.

21.     Travelers and Angelone chose to ignore obvious damages to the Property by not ever inspecting the property themselves. Travelers relied on Angelone and Spradlin's incomplete and inadequate investigations in making coverage decisions under the Policy and deciding what amounts, if any, to pay the claim. Plaintiff was forced to hire its own representative and demand re-inspections and re-evaluations of the obvious damages to the Property that Defendants ignored. Defendants represented that certain damages were not covered under the Policy when in fact they were by not including portions of the damaged roof in their estimates.

22.     Travelers, Angelone, and Spradlin made numerous representations because they: (1) failed to conduct a reasonable inspection and investigation of Plaintiff's damages; (2) stated that Plaintiff's damages were less severe than they in fact were; and (3) failed to provide an adequate

explanation for the inadequate compensation Plaintiff received after numerous requests by the Plaintiff.

23.     Based on Travelers, Angelone and Spradlin's haphazard investigations, inadequate payments have been issued under the Policy.  Travelers, Angelone and Spradlin wrongfully denied, underpaid, and delayed Plaintiff's claim for property repairs and replacement.  Defendants have chosen to continue to deny and delay timely payment of the damages.  As a result, Plaintiff has not been fully paid under the Policy provided by Travelers since the wind and hail storm.

24.     Unfortunately, Defendants have delayed payment for Plaintiff's necessary and covered property repairs under its insurance policy.  Given the repeated delays of payment, Plaintiff has been subjected to significant economic impact, worry, distress, and continuing economic and physical damage.  In addition, Plaintiff has suffered financial harm and damages as a result of Defendants' denials, underpayments, and repeated delays.  The significant effect of Defendants' wrongful and unjustified delays, however, is still uncompensated.

### E.     CAUSES OF ACTION

25.     Each of the foregoing paragraphs is incorporated by reference in the following:

### I.     Violations of Texas Insurance Code

26.     Stone-Tec re-alleges and incorporates each allegation contained in Paragraphs 1-15 of this Petition as if fully set forth herein.

27.     Defendants' misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiff's damages; (2) stating that Plaintiff's damages were less severe than they in fact were; (3) using their own statements about the non-severity of the damages as a basis for denying properly covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate

compensation Plaintiff received.  Defendants Angelone and Spradlin's unfair settlement practices, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE § 541.060(a)(1).

28.    Travelers, Angelone and Spradlin failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which liability has become reasonably clear, in violation of Texas Insurance Code Section 541.060(a)(2)(A).

29.    Travelers, Angelone and Spradlin failed to adopt and implement reasonable standards for prompt investigation of claims arising under its policies.

30.    Travelers, Angelone and Spradlin failed to promptly provide a reasonable explanation, in relation to the facts or applicable law for the denial of Plaintiff's claim, in violation of Texas Insurance Code Section 541.060(a)(3).

31.    Defendants Angelone and Spradlin's unfair settlement practices, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(4).

32.    Travelers, Angelone and Spradlin refused to pay Plaintiff's claim without conducting a reasonable investigation with respect to the claim, in violation of Texas Insurance Code Section 541.060(a)(7).

33.    Travelers, Angelone and Spradlin misrepresented the insurance policy under which it affords property coverage to Stone-Tec, by making an untrue statement of material fact, in violation of Texas Insurance Code Section 541.061 (1).

34.     Travelers, Angelone and Spradlin misrepresented the insurance policy under which it affords property coverage to Stone-Tec by failing to state a material fact that is necessary to make other statements made not misleading, in violation of Texas Insurance Code Section 541.061 (2).

35.     Travelers, Angelone and Spradlin misrepresented the insurance policy under which it affords property coverage to Stone-Tec by making a statement in such manner as to mislead a reasonably prudent person to a false conclusion of material fact, and failing to disclose a matter required by law to be disclosed, in violation of Texas Insurance Code Section 541.061 (3) and Texas Insurance Code Section 541.002 (5).

36.     Travelers, Angelone and Spradlin knowingly committed the foregoing acts, with actual knowledge of the falsity, unfairness, or deception of the foregoing acts and practices, in violation of Texas Insurance Code Section 541.002 (1).

## II.      Prompt Payment of Claim

37.     Stone-Tec re-alleges and incorporates each allegation contained in Paragraphs 1 – 25 of this Petition as if fully set forth herein.

38.     Travelers, Angelone and Spradlin failed to acknowledge receipt of the claim in violation of Texas Insurance Code Section 542.055(a)(1).

39.     Travelers, Angelone and Spradlin failed to timely commence investigation of the claim or to request from Stone-Tec any additional items, statements or forms that Travelers, Angelone and Spradlin reasonably believe to be required from Stone-Tec in violation of Texas Insurance Code Section 542.055(a)(2)-(3).

40.     Travelers, Angelone and Spradlin failed to notify Stone-Tec in writing of the acceptance or rejection of the claim not later than the 15th business day after receipt of all items, statements

and forms required by Travelers, Angelone and Spradlin in violation of Texas Insurance Code Section 542.056(a).

41.     Travelers, Angelone and Spradlin delayed payment of Stone-Tec's claim in violation of Texas Insurance Code Section 542.058(a).

### III.     Statutory Interest

42.     Stone-Tec re-alleges and incorporates each allegation contained in Paragraphs 1- 28 of the Petition as if fully set forth herein.

43.     Stone-Tec makes a claim for penalties of 18% statutory interest on the amount of the claims along with reasonable attorneys' fees for violation of Texas Insurance Code Subchapter B pursuant to Texas Insurance Code Section 542.060.

### IV.     Breach of Contract

44.     Stone-Tec re-alleges and incorporates each allegation contained in Paragraphs 1- 30 of the Petition as if fully set forth herein.

45.     Travelers breached their contract with Stone-Tec.  As a result of Travelers' breach, Stone-Tec suffered legal damages.

### V.     Breach of Duty of Good Faith & Fair Dealing

46.     Stone-Tec re-alleges and incorporates each allegation contained in Paragraphs 1- 32 of the Petition as if fully set forth herein.

47.     Travelers, as the property coverage insurer, had a duty to deal fairly and in good faith with Stone-Tec in the processing of the claim. Travelers breached this duty by refusing to properly investigate and effectively denying insurance benefits.  Travelers knew or should have known that there was no reasonable basis for denying or delaying the required benefits.  As a result of the Travelers' breach of these legal duties, Stone-Tec suffered legal damages.

10

## VI.     Punitive Damages for Bad Faith

48.     Stone-Tec re-alleges and incorporates each allegation contained in Paragraphs 1-34 of the Petition as if fully set forth herein.

49.     Defendants acted fraudulently and with malice (as that term is legally defined) in denying and delaying Stone-Tec's claim for benefits.  Further, Defendants had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Stone-Tec.

## F.     DAMAGES

50.     Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

51.     Plaintiff is entitled to the actual damages resulting from the Defendants' violations of the law.  These damages include the consequential damages to its economic welfare from the wrongful denial and delay of benefits; the mental anguish and physical suffering resulting from this wrongful denial of benefits, and continued impact on Plaintiff; and other actual damages permitted by law.  In addition, Plaintiff is entitled to exemplary damages.

52.     As a result of Defendants' acts and/or omissions, Plaintiff has sustained damages in excess of the minimum jurisdictional limits of this Court.

53.     Stone-Tec is entitled under law to the recovery of prejudgment interest at the maximum legal rate.

54.     Defendants' knowing violations of the Texas Insurance Code entitle Stone-Tec to attorneys' fees, treble damages, and other penalties provided by law.

55.     For breach of contract, Plaintiff is entitled to regain the benefit of its bargain, which is the amount of its claim, together with reasonable attorney's fees.

56.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, court costs, and attorney's fees.  For knowing conduct of the acts described above, Plaintiff ask for three times its actual damages.  TEX. INS. CODE § 541.152.

57.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of the claim, as well as 18% (eighteen percent) interest per annum on the amount of such claim as damages, together with attorney's fees.  TEX. INS. CODE § 542.060.

58.     For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages and damages for emotional stress.

59.     For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading.  Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.  Stone-Tec is entitled to the recovery of attorneys' fees pursuant to Tex. Civ. Prac. & Rem. Code §38.001, the Texas Insurance Code 542.060(a)-(b), the Tex. Bus & Commerce Code §17.50 and Tex. Civ. Prac. & Rem. Code §37.009.

**JURY DEMAND**

60.     Plaintiff hereby requests that all causes of action alleged herein be tried before a jury. Plaintiff hereby tenders the appropriate jury fee.

## PRAYER

61.     WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this court site Defendants to appear and answer herein and that Plaintiff has judgment taken against Defendants and recovers from Defendants all damages allowed by law, and that Plaintiff be awarded attorneys' fees for trial and any appeal of this case, for pre-judgment and post judgment interest as allowed by law, costs of court, and such other and further relief, both general and special, at law or in equity, to which Plaintiff is justly entitled.

Respectfully submitted,

THE POTTS LAW FIRM, LLP

By:     */s/ Matthew Worrall* _____
**Matthew J. Worrall**
SBN: 24070883
FBN: 2148714
**Andrew A. Woellner**
SBN:  24060850
FBN:  876537
3737 Buffalo Speedway, Suite 1900
Houston, Texas 77098
Telephone (713) 963-8881
Facsimile (713) 574-2938
Emails: mworrall@potts-law.com
          awoellner@potts-law.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on November 2, 2016, a true and correct copy of the foregoing was served on all counsel of record by ECF and mail in accordance with the Federal Rules of Civil Procedure.

/s/ Matthew Worrall _____
**Matthew J. Worrall**

13